## CRAWFORD v. PEOPLE.

1. EVIDENCE OF STATUTORY CRIME — ERROR TO REFUSE INSTRUCTIONS CONCERNING. — When there is any evidence tending to establish a statutory grade of homicide, it is error for the court to refuse to charge the jury with reference thereto.

2. HOMICIDE — INSTRUCTIONS — VOLUNTARY MANSLAUGHTER. — On a trial for murder, the evidence showed that at the time of the homicide there was a quarrel between defendant and the father of the murdered boy, followed by an affray, during which violent language was used by both parties, and in which they engaged in a fight of some length. Defendant retreated into his cabin, took a small shotgun and went to the door, with a view, as he testified, to defending himself. The gun was, however, discharged, and the boy unintentionally killed. *Held*, that the refusal of the court to instruct upon the subject of voluntary manslaughter was error.

3. However incredible or unreasonable the testimony of the accused may seem, he is entitled to an instruction upon the hypothesis that it may be true.

*Error to District Court of Douglas County.*

MOTT M. CRAWFORD was convicted of murder in the second degree, and sentenced to the penitentiary for the period of twenty years. It appears that while he was engaged in a controversy and affray with one Gideon

Pratt, a shotgun in his hands was discharged, killing the son of said Pratt.

The testimony of defendant, which is referred to in the opinion, and which is in many respects corroborated by other evidence, shows that said Pratt with his two sons called at defendant's cabin to see him about a pistol of defendant's that had previously disappeared, and the taking of which he attributed to one of the sons; that very profane and abusive language was used by said Pratt towards defendant in defendant's cabin; that defendant ordered Pratt out of the cabin and off his place; that Pratt went out of the cabin, but refused to leave the premises, saying he would not go off until the thing was settled; that violent language was used, especially by Pratt towards defendant, the most insulting and abusive epithets being heaped upon the latter; that they became engaged in a hand-to-hand contest, each receiving and returning blows; that Pratt seized a couple of large stones, and defendant an adze, at one time, and these weapons were used menacingly during the affray; that defendant retreated into the cabin, Pratt calling him a "g—d d—d old coward," and a "g—d d—d old thief," and daring him to come back, grinding his teeth, and telling him to get his gun and come out; that in the confusion and excitement, and further incensed by these additional epithets, defendant took a small shotgun, loaded with a single charge of fine shot, and went to the door, not designing, as he asserts, to take the life of Pratt, but with a view of defending himself and protecting his premises; the gun was, however, discharged, and the son was unintentionally killed. During nearly all of this time, and at the instant of the shooting, there was an intense degree of excitement and anger on the part of both Pratt and defendant.

Messrs. PATTERSON & THOMAS and WILLIAM DILLON, for plaintiff in error.

SAMUEL JONES, attorney-general, for the people.

CHIEF JUSTICE HELM delivered the opinion of the court.

There is some contrariety of judicial opinion with reference to the duty of a trial court in charging juries upon the different grades of felonious homicide. Certain authorities seem to hold that in such cases the law bearing upon all grades included in the indictment should be given, regardless of the evidence before the jury. But a careful examination of the subject leads us to the conclusion that the following rule is supported by a large preponderance of authority: When there is any evidence whatever tending to establish a certain statutory grade of criminal homicide, and the court refuses to charge the jury with reference thereto, error is committed; but if there be a total absence of evidence relating to the particular grade disregarded, the charge cannot be successfully challenged on the ground of such omission. Whart. Crim. Law, § 3163a; McNevins v. People, 61 Barb. 307; Lane v. Com. 59 Pa. St. 375; Reynolds v. State, 14 Tex. App. 432; Baker v. People, 40 Mich. 411; King v. State, 71 Ala. 1; Rutherford v. State, 16 Tex. App. 649; Moore v. State, 15 Tex. App. 1; Territory v. Gay, 2 Dak. 125; Territory v. Nichols, 3 N. M. ——; Adams v. State, 29 Ohio St. 412.

At the trial of the case at bar an instruction was asked informing the jury that they might find the defendant guilty of either of the four grades into which murder and manslaughter are by our statute divided. The court, however, not only refused to give this instruction, but also failed to charge the jury in any manner concerning the two lesser grades of crime.

In cases where death ensues from poison, or where the defendant lies in wait for his victim, or where the deceased is a helpless infant, and the like, there may sometimes be but little hazard in declining to instruct upon the grades of manslaughter. But where there is an affray, and where self-defense is a defense relied on, the court exercises an exceedingly dangerous prerogative in

refusing to charge upon the minor as well as the graver offenses covered by the indictment. He should be absolutely certain that there is an entire absence of evidence bearing upon the particular grade or grades omitted.

The refusal of the court below to instruct in this case upon the subject of voluntary manslaughter was error. By statute the accused in criminal cases is permitted to become a witness, and when once upon the stand all the ordinary rules of evidence apply to him. He is subject to cross-examination, his testimony may be impeached, the circumstances under which he testifies may be considered, and perjury on his part can be as readily disclosed as in the case of other witnesses. The jury are to give his testimony such credit and such weight as in their judgment shall, under all the circumstances, be proper. They may accept it as true or they may reject it as false. But, however incredible or unreasonable such testimony shall seem, the accused is entitled to an instruction upon the hypothesis that it may be true. *People v. Keefer*, 65 Cal. 232; *State v. Banks*, 73 Mo. 592.

We shall not examine at length the testimony of defendant Crawford. The evidence shows without question that at the time of the homicide there was a quarrel between defendant and Gideon Pratt, followed by an affray, during which violent, profane and angry words were used by both parties, and in which they engaged in a physical rencounter of considerable duration, grappling and exchanging blows. The firing of the fatal shot grew out of this affray, and was directly connected with and a part of it. There were circumstances tending to excite a "sudden heat of passion." Whether such circumstances amounted to the statutory "provocation," or caused the passion which the statute denominates "irresistible," was not for the court to determine. The testimony of defendant shows the existence of violent anger, and, if it were accepted as true, might have led to a verdict of voluntary manslaughter.

· We do not say that such should have been the verdict, or that the jury would have found differently had they been properly instructed. What we do say is that there was not an entire absence of evidence tending to establish the crime of manslaughter, and that defendant was entitled to an instruction with reference thereto. It is obviously impossible for us to hold that the error thus committed was without prejudice.

We deem it unnecessary to discuss the remaining errors assigned and argued. The judgment will be reversed and the cause remanded.

*Reversed.*