THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. T. B. STORER, Plaintiff in Error.

*Opinion filed April 21, 1928.*

1. CRIMINAL LAW—*continuance rests in discretion of court—review.* A defendant is entitled to a reasonable time and full opportunity to prepare for his trial, and that right is guaranteed by the constitution, but what is a reasonable time for preparation of a case must necessarily depend upon the facts and circumstances and is largely a matter resting in the sound judicial discretion of the trial court, which will be disturbed on review only when it is shown that that discretion has been abused.

2. SAME—*what is not an abuse of discretion in denying continuance.* Where the defendant's case has been continued from one term of court to the next, although at the succeeding term his counsel withdraws and another is appointed for him, it is not an abuse of discretion to deny a second motion for continuance where the second counsel has a week from the time of his appointment until the time the case is set for trial, in five days of which time there is no satisfactory showing that he could not have worked on the case and in which time he had opportunity to examine the charge and the list of witnesses, all of whom resided in the same city with the defendant and his counsel.

3. SAME—*defendant's statements after the assault charged are admissible to show intent.* In a prosecution for assault with intent to kill or inflict bodily injury the intent with which the assault was made is the gist of the crime, and statements made by the defendant at the time of his arrest and after his incarceration are admissible to show the intent with which the assault was made.

4. SAME—*when defendant may testify as to his intent.* Where intent is the essence of the crime charged, a defendant has a right to testify as to what his intention was when he committed the acts which are charged to have constituted the offense.

5. SAME—*when prosecuting witness may show scars resulting from assault.* In a prosecution for assault with a knife with intent to kill or inflict bodily injury, the prosecuting witness may be permitted to show to the jury a scar on his arm claimed to have resulted from the assault, where defendant's counsel had objected to the witness testifying as to the size of the scar on the ground that it was not the best evidence.

6. SAME—*when knife may be admitted in evidence in trial for assault.* In a prosecution for assault with a knife with intent to kill or inflict bodily injury, a knife which is shown to have been the knife used in the assault may be admitted in evidence.

7. SAME—*instructions should be considered together.* All instructions given by the court should be considered as a series and as constituting a single charge to the jury, and it is sufficient where the instructions, considered as a series, substantially present all the law of the case fairly to the jury.

8. SAME—*record need not be entirely free from error.* The object of the review of judgments of trial courts by courts of appellate jurisdiction is not to determine whether the record is free from error but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, in a trial in which no error has occurred which might have been prejudicial to the defendant's rights.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JOSEPH E. DAILY, Judge, presiding.

H. A. BALLENGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, LOUIS P. DUNKELBERG, State's Attorney, and ROY D. JOHNSON, (HAROLD J. RUST, of counsel,) for the People.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

At the November, 1926, term of the circuit court of Tazewell county, plaintiff in error, T. B. Storer, was by a jury found guilty of an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury where no considerable provocation appeared and the circumstances of the assault showed an abandoned and malignant heart, and he was sentenced by the court to be imprisoned in the county jail of Tazewell county for a period of three months, to pay a fine of $300, and to stand committed to the county jail until the fine and costs were paid

or he was discharged according to law. The record is now before this court for review upon writ of error.

Prior to entering upon the trial plaintiff in error made a motion for a continuance on the ground that his counsel did not have a reasonable time to examine the indictment and to prepare the defense, and that thereby he was deprived of his constitutional right, under section 9 of article 2 of the constitution of 1870, to appear and defend in person and by counsel. He was indicted at the September, 1926, term of court, and at that term, when the case was called for trial, plaintiff in error, with J. P. St. Cerny as his attorney, appeared and presented a motion for continuance, in which it was set forth that sufficient time had not intervened for the preparation of the case. A continuance was granted to the November term. At the November, 1926, term the cause was set down for trial as the first case on the call on Monday, November 22. On Friday, November 19, in the absence of plaintiff in error, St. Cerny came into court and informed the court that he had not been paid for his services and that plaintiff in error refused to pay him therefor, and he withdrew as his attorney of record. On November 22 the court of its own motion appointed H. A. Ballenger and C. L. Conder as attorneys for plaintiff in error. On November 23 Conder withdrew from the case by leave of the court. Ballenger likewise asked leave to withdraw but was refused by the court. The court set November 29 as the date for trial. On November 29 plaintiff in error filed a motion for a continuance, supported by affidavits of himself and Ballenger, in which the above facts were stated, and in addition thereto that plaintiff in error had attempted to have a conference with Ballenger on the morning of November 23 but was prevented from so doing by the fact that Ballenger was engaged in the circuit court at that time; that on the afternoon of November 23 plaintiff in error and Ballenger conferred for about thirty minutes, when Ballenger was summoned by telephone to the

office of the master in chancery to attend the hearing of a cause in which Ballenger was guardian *ad litem* for minor defendants, and that they were prevented from further conferring until November 24; that Ballenger was not able to procure a copy of the indictment and list of the witnesses until about 4:30 in the afternoon of November 24; that Ballenger had had no sufficient time to prepare a motion to quash the indictment; that the list of witnesses had upon it twenty-seven names; that by reason of the short time intervening between obtaining a copy of the indictment and the list of witnesses and the time set for trial of the case Ballenger had been able to interview only a very small number of witnesses and had been unable to ascertain in any appreciable degree the nature of the testimony on which the State or defense would rely. The motion to continue was denied, whereupon plaintiff in error was given leave to withdraw his plea of not guilty and move to quash the indictment. The motion to quash was denied, a plea of not guilty entered and the trial commenced on November 29. The affidavit did not state how many witnesses Ballenger had interviewed nor the length of time consumed in each interview. It does not appear from the affidavit that from November 24 to the date of the trial Ballenger had been engaged upon any other matters, nor does it appear that if he had devoted his entire time to preparation for the trial of the case he would not have been fully prepared. The witnesses all resided in Pekin, the county seat of Tazewell county, where plaintiff in error and Ballenger also resided. It does not appear from the affidavit that Ballenger could not have interviewed all the witnesses if he had used due diligence. There is very little conflict between the evidence given by plaintiff in error on the trial and that given by the great majority of the witnesses for the State. A defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and that right is one guaranteed to him by the constitution.

What is a reasonable time for the preparation of a case and what time should be granted counsel for that purpose must necessarily depend upon the facts and circumstances of each case and is a matter largely resting in the sound judicial discretion of the trial court, which will only be disturbed on review in a court of appeal when it is shown that that discretion has been abused. (*People* v. *Singer,* 288 Ill. 113; *Feinberg* v. *People,* 174 id. 609.) We are of the opinion that the evidence in the case does not show an abuse of discretion which would warrant a reversal of plaintiff in error's conviction upon that ground.

The assault for which plaintiff in error was convicted was made upon Julius Stark. The chief of police and a motorcycle officer arrested plaintiff in error, and they testified that at that time he made certain statements relative to the affair, and they quoted him as saying, "I meant to kill him," "If I had a bigger knife I would have killed him," "I'll get him yet if he don't stay away from me," and "If the blade had been longer I would have killed him." A deputy sheriff testified that after the incarceration in jail plaintiff in error declared "it was lucky he did not have his 'rod' on him or he would have killed him," and "that if he had to do it over again he would kill him." To all of this testimony counsel for plaintiff in error objected at the time it was given and at the close of the People's evidence moved to strike it out, alleging that the statements were a narrative of a past occurrence and too remote in point of time to furnish a basis of proving an intent to do the act charged, which objection and motion were overruled. The intent with which the assault was made was the gist of the crime, and any statements made by plaintiff in error which would tend to show such intent were competent. The court did not err in refusing to strike out this testimony.

It is contended by plaintiff in error that the court erred in refusing to allow him to testify as to his intention at the time in question. Where intent is of the essence of the

crime charged, a defendant has a right to testify as to what his intention was in the commission of the acts which the State claims constitute the crime. (*Wohlford* v. *People,* 148 Ill. 296.) While the court did sustain an objection to one question upon that subject, plaintiff in error subsequently testified fully upon that subject and stated: "I never at any time made an assault on Julius Stark with intent to murder; I never had any specific intent in my mind at that time that I know of; at the time that Stark and I had this altercation and fight I was on the running-board of the automobile; I didn't intend to kill him." No reversible error was committed by the court in this regard.

It is contended by plaintiff in error that the court erred in allowing the prosecuting witness, Julius Stark, to exhibit to the jury certain scars upon his arm and shoulder, on the ground that there was no showing that the scars were caused by plaintiff in error and that they were not there prior to the day in question. Stark testified: "Storer stabbed me in the right arm in two places, which left a scar three inches long." He was then told by the State's attorney, "Show the jury on your shoulder how long it is." After a colloquy the question was asked, "How long was the scar on your right arm?" Stark answered, "One about three inches long and one about an inch." This was objected to by counsel for plaintiff in error as not the best evidence. The State's attorney then said, "Well, if he wants us to show it we can." Stark then displayed his arm to the jury. The court did not err in allowing him to do so.

At the conclusion of the testimony offered by plaintiff in error, his counsel, out of the hearing of the jury, informed the court that he had had a witness subpœnaed whom he would have present in a very few minutes and informed the court as to what he expected to prove by the witness, and that such evidence was offered for the purpose of attacking the credibility of the prosecuting witness and his recollection of matters in which he was then en-

gaged, and asked the court for a recess until he could pro-
duce such witness. The motion for recess was denied and
its denial is assigned as error. The evidence which was
offered for the purpose of impeaching Stark was not upon
a material question and was not such as would have been
competent for the purpose of impeaching him. After Stark
had left the witness stand and several other witnesses tes-
tified, counsel for plaintiff in·error asked the court that he
be recalled for further cross-examination, and stated the
questions upon which he desired to interrogate him for the
purpose of laying a foundation for his impeachment. The
evidence proposed to be elicited from the prosecuting wit-
ness by further cross-examination would have been imma-
terial and irrelevant and his answers would not have fur-
nished a foundation for his impeachment.

Plaintiff in error complains of the admission in evidence
of the knife with which the assault was made. It was prop-
erly admitted in evidence.

Complaint is made as to the giving of certain instruc-
tions on behalf of the People. An examination of these
instructions discloses that each of them has been before this
court upon prior occasions and has been either approved,
or, if criticised, held not to constitute reversible error. All
instructions given by the court should be considered as a
series and as constituting a single charge to the jury, and
it is sufficient when the instructions, considered as a series,
substantially present all the law of the case fairly to the
jury. (*People* v. *Bundy*, 324 Ill. 190; *People* v. *Kimler*,
id. 445.) The object of the review of judgments of trial
courts by courts of appellate jurisdiction is not to deter-
mine whether the record is free from error but to ascertain
whether a just conclusion has been reached, founded upon
competent and sufficient evidence, in a trial in which no er-
ror has occurred which might be prejudicial to the defend-
ant's rights. (*People* v. *Stover*, 317 Ill. 191.) In the in-
stant case plaintiff in error's own testimony shows that he

was either guilty of this crime or of a graver one. The jury heard and saw the witnesses, and their finding of ·defendant's guilt was fully warranted by the evidence, and we would not be warranted in reversing their decision upon the errors assigned in this case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*