## No. 12,576.

### FUNK ET AL. V. THE PEOPLE.

(7 P. [2d] 823)

Decided January 11, 1932.

Mr. GRANBY HILLYER, JR., Mr. WILLIAM P. KAVANAGH, Mr. EDWARD R. GILLIAM; for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

LAWRENCE Gilbert Funk, Theodore Plymell, Gregory Ceretto and Clayton Mullenax were jointly tried and convicted of the crime of aggravated robbery and sentenced to a term in the penitentiary. They prosecute this writ and assign errors, of which one only need be considered. The charging part of the information is: "* * * in and upon J. T. Davis, did make an assault and one yellow gold Elgin watch of the value of fifteen dollars, one rolled gold watch chain of the value of five dollars, seven dollars in money of the value of seven dollars, of the personal property of J. T. Davis from the person and against the will of the said J. T. Davis then and there feloniously and violently, and by force and intimidation did rob, seize, steal, take and carry away; and that the said Lawrence Gilbert Funk, * * * when they so robbed the said J. T. Davis as aforesaid were then and there armed with a dangerous weapon, to-wit, guns with intention, if resisted, to maim and kill the said J. T. Davis; * * *."

The information charged the crime of aggravated robbery. Under this charge, the jury must first determine from the evidence whether or not a robbery had been committed, and if so, whether or not, in its commission, defendants were armed with dangerous weapons, with intent, if resisted, to kill, maim or wound J. T. Davis; and if defendants were so armed and had such an intent, it was the duty of the jury to find them guilty of aggravated robbery. The fact of defendants being armed with a dangerous weapon, and possessing the in-

tent mentioned, was not the essence of the offense of robbery, and the proof of these two facts was not necessary for a conviction of the offense of robbery, but these facts go to the degree of the crime, and affect only the punishment to be suffered in event of a conviction.

█ Counsel for defendants called each of them as witnesses; they readily admitted the robbery of J. T. Davis and of many other persons; each of two of the defendants was sixteen years of age; one seventeen years, and the other eighteen years of age; they each testified that the guns used in the robberies were unloaded, and when one of the defendants was asked: "Did you ever intend to kill or maim anyone if you were resisted in any of these robberies?" he answered: "No, sir." Thereupon, an objection by the district attorney was interposed and sustained. Where intent is of the essence of the crime, as here, a defendant has the right to testify specifically as to his intention in the commission of the acts which, it is claimed, constituted the crime. *Bershenyi v. People,* 71 Colo. 432, 434, 207 Pac. 591; *People v. Storer,* 329 Ill. 536, 540, 161 N. E. 76; *Crawford v. U. S.,* 212 U. S. 183, 29 Sup. Ct. 260; 4 Elliott on Evidence, §2717; 2 Wharton's Criminal Evidence (10th Ed.), §905; 1 Thompson on Trials, §383; 16 C. J., page 565, §1096.

█ At the conclusion of the trial, defendants tendered and the court refused their proposed instruction No. 1, reading as follows: "The Court instructs the jury that there are 3 verdicts that may be rendered in this case, to-wit: 1. Guilty as charged. 2. Guilty of simple robbery. 3. Not guilty."

There was evidence before the jury that tended to negative the specific intent necessary to make the crime for which defendants were tried one of aggravated robbery, and therefore an instruction upon the question of simple robbery was warranted and should have been given. It was error for the trial court to refuse to instruct the jury upon the question of robbery and to submit to it, for its consideration and use, an appropriate form of verdict to

be returned by it in event it determined, under the evidence, that defendants were guilty of robbery rather than aggravated robbery. This was defendants' theory of the case; there was evidence to support it, and the question was for the jury's determination. *Crawford v. People,* 12 Colo. 290, 292, 20 Pac. 769.

If the legislature had deemed it advisable to do so, it might well have left the element of intent out of the statute defining aggravated robbery, but having failed to do so, intent became a necessary element in the proof of this offense, and it is our plain duty to give the statute its full force and effect.

It is not necessary for us to discuss and determine other interesting questions presented herein.

The judgment is reversed, and the cause remanded with instructions to the trial court to proceed in harmony herewith.