No. 20,865.

MANUEL MCGRAW *v*. THE PEOPLE OF THE STATE OF COLORADO.
(390 P. [2d] 819)

Decided March 30, 1964.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

ONE McGraw was convicted by a jury of the crime known as aggravated robbery (C.R.S. '53, 40-5-1) and he was thereafter duly sentenced to a term in the State Penitentiary.

By writ of error McGraw now seeks reversal of this judgment and sentence and as grounds therefor urges: (1) he was the "victim" of an unlawful search and seizure wherein a police officer, without the benefit of a search warrant, searched his apartment and located a felt hat which upon trial was identified by the complaining witness as being "similar" to one worn by the robber; and (2) there was insufficient evidence that in the perpetration of this offense the robber, whoever he might be, was armed with a dangerous weapon and possessed the intent to "kill, maim or wound" if resisted.

The police officer testified that prior to conducting his search of McGraw's apartment he sought and received permission from McGraw to so do. McGraw conceded that he did in fact give his permission, but now argues that such was the result of coercion and duress. Permission to make this search having been expressly granted and the record being devoid of any evidence of coercion or duress, it follows that there was no unlawful search. See *Peters v. People,* 151 Colo. 35, 376 P. (2d) 170.

Two witnesses, i.e. the victim of the robbery and an eyewitness thereto, "positively" identified McGraw as the perpetrator thereof and each of these witnesses testified without equivocation that during the robbery

370

McGraw displayed a gun which he used in a manner obviously calculated to secure speedy compliance with his written request that the victim deliver over to him the contents of a certain cash register situate in an east Denver super market. Though this weapon was never recovered by the police, and though neither witness was able to describe the weapon as to make, model or serial number, their testimony did make out a *prima facie* case that the robber was armed with a dangerous weapon and did possess the intent, if resisted, to kill, maim or wound the person robbed.

The remaining assignments of error may with propriety be labeled as trivia, all being without merit and none worthy of any comment.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.