No. 21150.

GILBERT ROLLAND VIGIL v. THE PEOPLE OF THE STATE OF COLORADO.
(406 P.2d 100)

Decided October 4, 1965.

J. H. Boutcher, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George H. Sibley, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to plaintiff in error as the defendant.

On November 29, 1962, an information was filed in the district court of the City and County of Denver in which it was alleged that Manuel Moreno and the defendant robbed one Stewart T. Denning of the sum of $218.00 and that, "when they so robbed said STEWART T. DENNING, were then and there armed with a dangerous weapon, to wit: a gun, with intent, if resisted, to maim, kill or wound said STEWART T. DENNING and any other person; * * *." In a second count of the information it was alleged that Manuel Moreno and the defendant conspired to commit the robbery referred to in the first count of the information.

On March 18, 1963, Manuel Moreno entered a plea of guilty to the charge of aggravated robbery. No disposition was made of the second count as to Moreno; the cause proceeded to trial to a jury as to the defendant alone.

It is unnecessary, to any questions requiring our con-

sideration, to discuss at length the details of the crime allegedly committed by the defendant and his accomplice Moreno. Suffice it to say that two armed bandits wearing masks entered the drugstore operated by Denning. Employees and customers were securely bound and required to lie down on the floor, and money and narcotics were seized and placed in a suitcase by the robbers. Police who had been alerted by a phone call arrived at the scene before the bandits had completed the job. Douglas Cain, a police officer, testified that he followed the defendant from the exit at the rear of the drugstore and fired two shots in the air. The defendant came back toward the alley and approached the police officer who assumed that he was going to surrender. In this assumption the officer was mistaken, for the defendant sought protection behind a concrete incinerator and fired four shots at him. Another officer arrived on the scene and the defendant was placed under arrest. The defendant's gun contained four spent shells and two live rounds.

The only evidence offered by the defendant was the testimony of Moreno, the co-defendant, who had entered a plea of guilty on the morning when the jury was selected to try the issues as to each of the defendants. Moreno admitted participation in the crime but stated that the defendant was not his accomplice and that one Joe Gomez was the other participant in the commission of the crime. His testimony was heard fully by the jury, whose sole province it was to test the credibility thereof. We have read the entire record and can well understand why the jury was wholly unimpressed by anything which was said by Moreno in his effort to absolve the defendant from participation in this robbery.

The verdict of the jury was that the defendant was guilty on both counts of the information. Motion for a new trial was filed on March 29, 1963, and was denied; thereafter, an amended motion for a new trial was filed and denied. The defendant was sentenced to a term in

the state penitentiary of not less than fifty nor more than sixty years.

The chief ground relied upon for reversal of the judgment is that the trial court erred in failing to give an instruction on the lesser and included offense of simple robbery.

Counsel for defendant relies upon the opinion of this court in *Funk v. People,* 90 Colo. 167, 7 P.2d 823, in which a judgment was reversed for the reason that the trial court refused to instruct the jury to the effect that if the accused was not shown to have had the specific intent, if resisted, to kill, maim or wound, then he would not be guilty of aggravated robbery. The trial court in the *Funk* case refused to submit a form of verdict to the jury by which it might return a verdict of guilty to the crime of simple robbery. In reversing the judgment in that case this court said:

"There was evidence before the jury that tended to negative the specific intent necessary to make the crime for which defendants were tried one of aggravated robbery, and therefore an instruction upon the question of simple robbery was warranted and should have been given. It was error for the trial court to refuse to instruct the jury upon the question of robbery and to submit to it, for its consideration and use, an appropriate form of verdict to be returned by it in the event it determined, under the evidence, that defendants were guilty of robbery rather than aggravated robbery. This was defendants' theory of the case; there was evidence to support it, and the question was for the jury's determination. *Crawford v. People,* 12 Colo. 290, 292, 20 Pac. 769."

There is a vast difference in the facts as shown by the record in the instant case and those present in *Funk v. People, supra.* The record now before us contains not the slightest evidence upon which any reasonable person would be justified in finding that this defendant did not have the specific intent which is essen-

tial to the crime of aggravated robbery. The defendant held a gun which was pointed at Denning and used to compel compliance with the orders of the bandit by other persons in the drugstore. The gun was loaded and ready for action. There was no evidence introduced to place in issue the intent of the defendant to use the gun if resisted. The uncontroverted testimony is that the defendant did use the weapon in his gunfight with police officers Cain and Rivera with the intent to kill, maim, or wound them or one of them while the robbery was in course of completion by escape with the loot.

C.R.S. 1963, 40-5-1 (2)(b), provides that the crime of aggravated robbery is established:

"If in the perpetration of such robbery he is armed with a dangerous weapon with intent, if resisted, to kill, maim or wound the person robbed *or any other person.*" (Emphasis supplied.)

It is not essential that the bandit must demonstrate an intent to kill, maim, or wound the victim of the holdup. The significance of the words "or any other person" is most apparent in the instant case. The robbery was still in progress when the gunfight occurred. The loot in the suitcase had been hurriedly cached under a stairway adjoining the exit at the rear of the drugstore as the defendant sought to escape. His accomplice Moreno sought concealment in a garage on the alley close to that exit, at which place he was apprehended and placed under arrest. We hold that the specific intent of the defendant was conclusively shown and the court committed no error in refusing to instruct upon the lesser offense. Under the evidence in this case the defendant was either guilty of aggravated robbery or he was not guilty.

Two other matters are set forth in the "Summary of Argument" as grounds for reversal. They are:

"2. The court should have permitted the plea of counsel of not guilty by reason of insanity.

"3. The court erred in permitting testimony as to gun play which transpired shortly after the robbery and for which a separate case had been filed against the defendant in which he was charged with the act."

It is sufficient to say with regard to point 2 above quoted that there is nothing in the record to indicate that the defendant or his counsel ever entered or sought to enter a plea of not guilty by reason of insanity. It affirmatively appears that the defendant in positive terms refused to enter such a plea. There was nothing before the court which at any time tended to raise any question whatever concerning the mental capacity of the defendant.

With reference to the argument based upon the above assignments 2 and 3 we refer to the language of this court in *McGraw v. People,* 154 Colo. 368, 390 P.2d 819, as follows:

"The remaining assignments of error may with propriety be labeled as trivia, all being without merit and none worthy of any comment."

This language is applicable here.

The judgment is affirmed.