Mr. Justice Moore
delivered the opinion of the Court.
*242 Plaintiff in error, hereinafter referred to as the defendant, was found guilty, by the jury, of aggravated robbery and conspiracy to commit that offense. The motion for a new trial which was filed by counsel for the defendant was denied and judgments were entered on the verdicts. The defendant was sentenced to not less than thirty nor more than forty years on the aggravated robbery charge, and not less than eight nor more than ten years on the conspiracy count. The sentences were to run concurrently.
Evidence introduced by the district attorney established the following facts: On March 17, 1964, at about 8:00 P.M., the defendant and one of his accomplices entered a business establishment known as Self Service Drug Company in the city of Colorado Springs, Colorado. Each man was armed with a gun. Employees and customers of the store were terrorized and a quantity of narcotics and drugs was taken at gunpoint. Mrs. Bernice Williams was parked in an automobile outside the store, awaiting the return of her husband who had gone in to make a purchase, when she observed the defendant, and one of the other two men named in the information as co-conspirators, making preparation to enter the store. They were adjusting stockings over their heads and otherwise acting in a manner which caused her to call the police. The police car arrived just as the bandits were about to drive away in a green colored Plymouth automobile. One of the victims of the holdup followed the bandits .out of the store and saw them enter the car and he pointed it out to the police who immediately gave chase. The bandits’ car ran through stop signs and struck another car traveling on a through street. The defendant and the other two occupants of the car were arrested. The drugs which were taken in the holdup were found in the car and stockings worn by the bandits were also discovered in the car, together with two loaded guns. The defendant was identified as the bandit who held the gun on the people in the store while his accom *243 plice, one Henry E. Maestas, took the narcotics. A third man, one Henry Vigil, remained outside in the car in which the attempt to escape was made. The defendant was tried alone, and no disposition had been made at that time of the case against either of the other two conspirators.
On the next morning, March 18, 1964, the defendant was questioned by police for “approximately 30 to 45 minutes” during which time he made “no request” of the police officers. At that time he stated that he and the other two men were driving around town, had a flat tire, got it fixed, and that he had parked in the parking lot of the grocery store, and that was all that had happened.
The following morning, March 19, the defendant sent word through the jailer that he wanted to talk to the police who had talked to him the day before. Pursuant to this request he was again brought before the police officers. He was informed that he did not have to make any statement, and that anything he said could be used against him. He then made a statement in which he admitted the robbery. This statement was reduced to typewritten form as the defendant told his story. He signed it after placing his initials on certain corrections of errors in typing. When the signed confession was offered in evidence no objection was made to its admission.
The motion for a new trial which was filed on behalf of the defendant contained three assignments of error, all of which were directed to the sufficiency of the evidence to warrant consideration by the jury of the question as to whether the defendant intended “to kill, maim or wound Jack W. Hofmann or any other person if resisted.” It is a sufficient answer to each of these assignments to direct attention to the case of McGraw v. People, 154 Colo. 368, 390 P.2d 819, from which we quote the following:
“Two witnesses, i.e. the victim of the robbery and an *244 eyewitness thereto, ‘positively’ identified McGraw as the perpetrator thereof and each of these witnesses testified without equivocation that during the robbery McGraw displayed a gun which he used in a manner obviously calculated to secure speedy compliance with his written request that the victim deliver over to him the contents of a certain cash register situate in an east Denver super market. Though this weapon was never recovered by the police, and though neither witness was able to describe the weapon as to make, model or serial number, their testimony did make out a prima facie case that the robber was armed with a dangerous weapon and did possess the intent, if resisted, to kill, maim or wound the person robbed.”
In the instant case one of the witnesses for the People, Jack Hofmann, who was working behind the prescription counter, testified that one of the gunmen (whom he later identified as the defendant) was holding a gun at the head of an employee, Mrs. Kleinschmidt. He also stated that the defendant kept clicking the hammer of the gun.
In this court it is argued for the first time: (a) that the defendant was denied procedural safeguards guaranteed by due process in that there was a failure to promptly bring about his arraignment; and (b) that he was denied due process in that he was not promptly advised of his right to counsel. In support of these allegations of violation of the defendant’s constitutional rights, counsel for defendant directs our attention to Gideon v. Wainwright, 372 U.S. 335, and Escobedo v. Illinois, 378 U.S. 478. This court is thoroughly familiar with each of these authorities and it is sufficient to say that those decisions are not applicable to the factual situation disclosed by the record in this case.
Other points argued, notwithstanding that they were not within the coverage of the motion for a new trial, fall within the following language which we quote from McGraw v. People, supra:
*245 “The remaining assignments of error may with propriety be labeled as trivia, all being without merit and none worthy of any comment.”
The judgment is affirmed.