## No. 22609.

EUGENE DALE GONZALES *v.* THE PEOPLE OF THE STATE
OF COLORADO.
(445 P.2d 74)

Decided September 16, 1968.

558

John D. McDowell, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

Opinion by Clifford H. Darrow.*

Eugene Dale Gonzales, hereinafter referred to as the defendant, was, in February 1966, tried by a jury and convicted of aggravated robbery and conspiracy to commit aggravated robbery.

After denial of a motion for a new trial he was sentenced to the penitentiary on each count for a term of from five to eight years, the sentences to run concurrently.

To review the judgments, he prosecutes this writ and specifies error which, he contends, was prejudicial to him.

At the trial, the defendant made a request for a jury instruction covering the law of specific intent and tendered to the court an instruction on that subject. The request and instruction were refused by the court.

The essential question, then, upon which this writ of error turns, is: Should the trial court have delivered to the jury an instruction on specific intent, or was the court's instruction defining general intent sufficient?

---

*District judge sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

1. Ingrained in the law is the right of an accused to insist that the court instruct the jury on all legal questions in order to reach a true verdict. Without proper instructions, the jury does not have the necessary guidance to consider the evidence presented to it. In Colorado, if an omission is so prejudicial as to deprive the accused of a fair trial, the conviction and judgment will be reversed on review and a new trial granted because of error in law. Accordingly, we find it necessary to reverse this case for the reasons which follow.

2. Generally, an instruction which makes the question of guilt depend solely upon the intentional doing of an unlawful act constitutes prejudicial error in cases where the specific animus as a material element of the crime for which the accused was convicted is omitted.

The case here considered is within the inhibition of the general rule which is followed in this jurisdiction. There are many decisions on this point stating in what cases (aggravated robbery included) an instruction on "specific intent" must be delivered to the jury, and some of which also legally define that contentious phrase. *Moyer v. People,* 165 Colo. 583, 440 P.2d 783; *Bishop v. People,* 165 Colo. 423, 439 P.2d 342; *Vigil v. People,* 158 Colo. 268, 406 P.2d 100; *Armijo v. People,* 157 Colo. 217, 402 P.2d 79; *Shreeves v. People,* 126 Colo. 413, 249 P.2d 1020; *Funk v. People,* 90 Colo. 167, 7 P.2d 823.

In *Funk, supra,* this court stated:
"If the legislature had deemed it advisable to do so, it might well have left the element of intent out of the statute defining aggravated robbery, but having failed to do so, intent became a necessary element in the proof of this offense, and it is our plain duty to give the statute its full force and effect."

3. It might be said that the conspiracy conviction should be upheld because there are no grades of that offense other than to commit a felony or a misdemeanor;

and that the court's instruction on intent was proper for that count.

The verdict returned by the jury for the conspiracy charge found the defendant guilty of conspiracy to commit robbery with a dangerous weapon, to wit, a gun, with intention, if resisted, to maim or kill the prosecuting witness as charged in the second count of the information.

 We are aware that ordinarily when the meaning of the jury is plain, unnecessary language in its verdict is treated as surplusage and does not invalidate it.

Considering, however, that no instruction on specific intent was given for the charge of aggravated robbery, the effect which the form of verdict on the conspiracy charge submitted to the jury might have had upon its deliberations in the whole case is unknown, even to the jury.

We do not know but that the jury might have arrived at other verdicts and that the trial court might have pronounced different judgments with reference to both counts of the information if the required instruction on specific intent had been delivered to the jury. It is not within our province, nor the trial court's province, to speculate upon that feature of the case.

 We hold that a verdict of guilty cannot stand where the element of specific intent is material as to one count of the information or indictment which is related to and joined with another when the court's instructions on intent covering either count are erroneous.

It necessarily follows from the foregoing that a fundamental error occurred in the trial of this case which was prejudicial to the defendant.

Accordingly, the judgments entered upon the verdicts of the jury are reversed and the cause is remanded for a new trial.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES specially concur.

Mr. Chief Justice Moore and Mr. Justice McWilliams dissent.

Mr. Justice Groves specially concurring:

I am favorably impressed by the dissent in *Armijo v. People*, 157 Colo. 217, 402 P.2d 79. While in doubt as to the majority opinion in that case, I feel that it is controlling here and, therefore, concur.

I am authorized to state that Mr. Justice Kelley shares these views.

Mr. Justice McWilliams dissenting:

I respectfully dissent and will briefly state my reasons for so doing.

In his brief the defendant contends that the trial court erred in several particulars, one of which was its refusal to give his tendered instruction No. 1, and he claims that because of this bit of error the judgment must now be reversed. Instruction No. 1, which the defendant tendered to the trial court, reads as follows: "To convict the defendant of the crime of aggravated robbery it must be proved to your satisfaction beyond a doubt that the defendant violated the statutes with a specific intent to do so.

"You are further instructed that where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act; mere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. The general rule that a criminal intention will be presumed from the commission of the unlawful act does not apply; and proof of the commission of the act does not warrant requisite specific intent."

In my view of the matter the trial court acted quite

properly in refusing to give the jury the aforementioned tendered instruction. The first paragraph in the tendered instruction is in my opinion patently wrong. A specific intent to "violate the statute" is not a material allegation in a charge of robbery. 22 C.J.S. 99 and 14 Am. Jur. 784-85. The balance of the tendered instruction tends to be somewhat repetitive in nature and though the language is perhaps capable of being understood by members of the legal profession, it is not such as would in my view be readily understood by lay jurors. The language of the second paragraph of the tendered instruction comes from 22 C.J.S. 116-17, and was quoted with approval in *Shreeves v. People*, 126 Colo. 413, 249 P.2d 1020. However, as was stated in *Mendez v. Pavich*, 159 Colo. 409, 412 P.2d 223, language from a judicial opinion divorced from context, is not necessarily appropriate for use in instructions to a jury. For these reasons I conclude that the instruction as tendered was improper both in form and content and hence I disagree with the defendant's contention that the trial court committed reversible error in refusing to grant the aforesaid instruction.

In *McQueary v. People*, 48 Colo. 214, 110 P. 210, this court stated:

"Mere nondirection is not ground for reversal unless an instruction good in law and justified by the facts is tendered and refused; and where an instruction is partly good and partly bad, it must be refused as a whole, and the court is not required to sift out the good from that which is bad."

See, also in this regard, *Mow v. People*, 31 Colo. 351, 72 P. 1069 where we held that a party could not be heard to complain that the trial court had failed to instruct on a particular issue or feature of the case where he had not himself tendered a proper instruction on the matter.

Furthermore, after reviewing all the instructions given the jury by the court, in the light of the testi-

mony given upon trial, I do not feel this matter is of such import as to require the trial judge to come to the aid of counsel and prepare a "proper" instruction on specific intent.

In the instant case, unlike the situation in *Armijo v. People*, 157 Colo. 217, 402 P.2d 79, the facts and circumstances as disclosed by the record on error are such as to in my view render nonprejudicial any possible error based on the failure of the trial court to give a special instruction on specific intent. The People's evidence was that the two persons who held up the manager of a Safeway store were wearing Robinhood-type hats, gray carcoats, dark pants and red bandanas up around their nose and were armed with loaded chromeplated revolvers. No witness was able to identify the defendant as being one of the two persons who took about $800 in checks and $350 in cash from the manager of the aforementioned Safeway store. However, the defendant was later tied into this robbery through the get away car which was parked about a block from the scene of the robbery. Admittedly the evidence tying this defendant into the robbery was not exactly overwhelming. Accordingly, upon conclusion of the People's case, counsel for the defendant moved for a directed verdict of not guilty on the ground that there was insufficient evidence of identity. This motion was denied by the trial court with the observation that the issue as to whether the defendant was one of the two robbers was a "question for the jury to determine."

Evidence offered by the defendant was very meager. The defendant decided to exercise one of his constitutional rights, and he elected not to testify. Defendant's mother, however, was called as a witness, but whether her testimony was of benefit to the defendant is doubtful. Her testimony was that the defendant was at home on the day of the robbery except from five to eight o'clock p.m., during which time he was away from the family home. And in this regard the People's evidence

was that the robbery occurred about seven o'clock p.m. Hence, it can hardly be said that her testimony even remotely tended to establish an alibi. And this was about the extent of the defendant's evidence.

On this state of the record, then, I do not regard specific intent as being one of the crucial issues in this case. The factual situation is far different than that of *Funk v. People,* 90 Colo. 167, 7 P.2d 823, for example, where the defendant took the witness stand and admitted the robbery but denied that he had any intent to maim, kill or wound, if resisted. The only real issue in the instant case, as I see it, was whether the defendant was one of the two who with the aid of *loaded* revolvers robbed the Safeway manager, and not whether the robbers, whoever they were, had an intent to maim, kill or wound, if resisted. As was stated in *McGraw v. People,* 154 Colo. 368, 390 P.2d 819, the mere use of a gun in order to secure compliance with a demand for the contents of a cash register was sufficient to make out a *prima facie* case of intent, if resisted, to kill, maim or wound. In the instant case the evidence disclosed the use of a *loaded* gun, and the defendant offered no evidence bearing on the issue of intent, be it general or specific. It is for this reason that I conclude that under the circumstances of the case the issue of intent was not a central issue. Hence, any possible error in failing to instruct the jury as to specific intent was under the circumstances only nonprejudicial.