No. 23202

EARL L. HOLLON, JR., ALSO KNOWN AS EARL LEROY HOLLON
*v.* THE PEOPLE OF THE STATE OF COLORADO.
(462 P.2d 490)

Decided December 15, 1969.

ROBERT L. MCMICHAEL, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,

Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

EARL L. HOLLON (hereinafter referred to as the defendant) was convicted of aggravated robbery and sentenced from 8 to 15 years in the state penitentiary. The defendant alleges as error the failure of the trial court (1) to instruct the jury on the offense of simple robbery, and (2) to instruct the jury that failure to find the necessary element of intent must result in a verdict of not guilty. We agree with the first contention of the defendant, and we reverse the judgment of the district court.

I.

■ It is the rule in Colorado that in a prosecution where aggravated robbery has been charged the trial judge must give an instruction on the lesser offense of simple robbery when such instruction is requested by the defendant and when it is supported by the evidence. *Lucero v. People,* 161 Colo. 568, 423 P.2d 577; *Vigil v. People,* 158 Colo. 268, 406 P.2d 100; *Funk v. People,* 90 Colo. 167, 7 P.2d 823.

In the present case, the transcript of the trial reveals that the defendant requested an instruction on simple robbery, and that the trial judge refused to give such an instruction. The only question before us is whether there is sufficient evidence in the record to place in issue the question whether the defendant had the intent, if resisted, to maim, wound, or kill his victim.

There was one witness to the actual robbery committed by the defendant, the victim. He testified that the defendant entered the store in which he worked holding a gun at waist level. The defendant stated, "this is for real" and directed the victim to open the cash register.

When this was done, the defendant ordered the victim to open a second cash register and then go into the back room. As the victim left the room, the defendant said "wait," and at that time the victim observed that the defendant held the gun at shoulder level.

On cross-examination, the following exchange took place between the victim and the attorney for the defendant:

"Q. Now, at any of this time, did he ever strike you or hit you or anything like that?

A. No, sir.

Q. He didn't attempt to hit you at any time?

A. No, sir.

Q. Did he ever threaten you or threaten to hit you?

A. No.

Q. At any time he was there, did he ever make any threatening remarks toward your life or —

A. No, sir, he just said a very few words."

The gun found in defendant's home was introduced at trial, and a police officer testified that when he recovered the pistol from the defendant's home, it was loaded. The defendant did not take the stand, and the only defense witness was a woman who testified that she was with the defendant in a night club at the time the robbery was committed.

■ While the evidence presented by the prosecution was sufficient to create a prima facie case on the charge of aggravated robbery, *McGraw v. People,* 154 Colo. 368, 390 P.2d 819, we conclude that the questions asked on cross-examination of the victim and the answers given were sufficient to raise the issue whether the defendant actually had the specific intent to maim, wound, or kill, if resisted, an intent which is essential to the crime of aggravated robbery, and it was error for the judge to refuse to instruct on the offense of simple robbery.

The People cite the case of *Lucero v. People, supra,* and they call our attention to the fact that in this case, as in *Lucero,* the defendant relied upon an alibi and pro-

duced no evidence to negate the prima facie case of intent made out by the witnesses for the People.

However, we find that there are important factual differences between *Lucero* and the present case. In *Lucero*, the victims of the robbery testified that the defendant and his confederate made actual threats to shoot them. Lucero relied upon an alibi, and he did not question the evidence of intent during the cross-examination of the victims. With no evidence in the record to controvert the evidence introduced by the prosecution, specific intent never became an issue and the court was correct in refusing to instruct the jury on simple robbery. On the basis of those facts, our decision in *Lucero* was found to be controlled by our decision in *Vigil v. People, supra,* where the defendant actually fired his gun at a police officer during the course of the robbery.

In the present case there was testimony from the victim, elicited on cross-examination, that there was no violence and no threats were made by the defendant. The only evidence of intent was the presence of the loaded pistol. While the defendant did not take the stand and relied upon his alibi instead, the state of the evidence was such that the jury could find that the People had failed to prove the element of specific intent beyond a reasonable doubt. Under such circumstances, our decisions in *Lucero* and *Vigil* do not control, and it was error for the trial judge to refuse to instruct, as requested, on simple robbery.

The error was prejudicial to the defendant and constitutes reversible error since the defendant received a sentence with a maximum of 15 years, while a conviction of simple robbery carries with it a statutory maximum of 14 years.

II.

The defendant also argues that it was error for the court to refuse to instruct the jury that if the requisite specific intent was not proved beyond a reasonable doubt they should acquit the defendant. Since we have decided

to return this matter to the trial court with directions that the defendant is entitled to an instruction on simple robbery, we do not find it necessary to answer this contention.

The judgment is reversed and the cause remanded.

Mr. Justice Day, Mr. Justice Groves and Mr. Justice Lee concur.