No. 23289.

ROY CARNES, A/K/A JIM DAY v. THE PEOPLE OF THE STATE OF COLORADO.

(466 P.2d 918)

Decided March 23, 1970.    Rehearing denied April 6, 1970.

THOMAS VAN CLEVE, Deputy State Public Defender, MORGAN SMITH, Public Defender, Adams County, RICHARD M. DAVIS, JR., Public Defender Intern, Adams County, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

■ Carnes was convicted of aggravated robbery and sentenced to the state penitentiary. He seeks reversal of this judgment and sentence and, as grounds therefor, asserts error in the failure of the trial court to instruct the jury on specific intent. An examination of the record convinces us that the trial court committed error in refusing to give the instruction on specific intent which Carnes requested and tendered.

The record discloses a situation on all fours procedurally with that contained in *Gonzales v. People,* 166 Colo. 556, 445 P.2d 74, which opinion had not yet been announced at the time of the trial of the present case. Here, as in *Gonzales,* the defendant was charged with aggravated robbery in which a hand gun was used. Neither defendant testified in his own behalf. The court properly instructed the jury on the statutory definition of aggravated robbery. Both Gonzales and Carnes requested that an instruction on specific intent be given to the jury and each tendered such an instruction. The court here refused to give the specific intent instruction, comparable to the refusal of the court in *Gonzales.*

■ We held in *Gonzales* that failure to give such an instruction on specific intent in an aggravated robbery case constituted prejudicial error requiring reversal.

We deem it unnecessary to restate the basic principles which require such a conclusion and merely refer to the following decisions of this Court which deal with the problem of instructions where specific intent is an ingredient of the crime charged, as contrasted with a general criminal intent. *Hampton v. People,* 171 Colo. 101, 465

P.2d 112; *Gonzales v. People*, 166 Colo. 556, 445 P.2d 74; *Armijo v. People*, 157 Colo. 217, 402 P.2d 79; *Shreeves v. People*, 126 Colo. 413, 249 P.2d 1020; *Funk v. People*, 90 Colo. 167, 7 P.2d 823.

Other alleged errors need not be considered in view of our disposition on insufficient jury instructions.

The judgment is reversed and cause remanded for a new trial.

MR. CHIEF JUSTICE McWILLIAMS and MR. JUSTICE GROVES dissenting.

MR. JUSTICE KELLEY not participating.

MR. JUSTICE GROVES dissenting:

I respectfully dissent.

The instruction on specific intent, which the trial court refused with resulting error according to the majority opinion, reads as follows:

"In this case, you are instructed that in addition to the general intent necessary as is otherwise defined in these instructions, it is necessary that the People prove, beyond a reasonable doubt, that the defendant, intended, if resisted, to maim, wound or kill the victim or any other person."

Instruction No. 9, which was given by the court, reads as follows:

"You are instructed that robbery is defined to be the felonious and violent taking of money, goods or other valuable thing from the person of another by force and intimidation, and that to constitute the crime of aggravated robbery the defendant must have been at the time of the robbery armed with a dangerous weapon, with intent, if resisted, to kill, maim or wound the person robbed, or some other person."

As to specific intent, there is a striking parallel between the two instructions and the court by instruction No. 9 effectively instructed the jury as requested by the de-

fendant. Further, as I read the cases cited in the majority opinion, instruction No. 9 complies with the requirements therein made, except possibly *Gonzales v. People*, 166 Colo. 556, 445 P.2d 74. While it does not appear in the opinion, the same instruction as instruction No. 9 here was given in *Gonzales*. I have now concluded that I should have dissented instead of specially concurred in *Gonzales*.

I would, therefore, affirm here.

I am authorized to state that MR. CHIEF JUSTICE MC-WILLIAMS concurs in this dissent.