Mr. Justice Lee
delivered the opinion of the Court.
Carnes was convicted of aggravated robbery and sentenced to the state penitentiary. He seeks reversal of this judgment and sentence and, as grounds therefor, asserts error in the failure of the trial court to instruct the jury on specific intent. An examination of the record convinces us that the trial court committed error in refusing to give the instruction on specific intent which Carnes requested and tendered.
The record discloses a situation on all fours procedurally with that contained in Gonzales v. People, 166 Colo. 556, 445 P.2d 74, which opinion had not yet been announced at the time of the trial of the present case. Here, as in Gonzales, the defendant was charged with aggravated robbery in which a hand gun was used. Neither defendant testified in his own behalf. The court properly instructed the jury on the statutory definition of aggravated robbery. Both Gonzales and Carnes requested that an instruction on specific intent be given to the jury and each tendered such an instruction. The court here refused to give the specific intent instruction, comparable to the refusal of the court in Gonzales.
We held in Gonzales that failure to give such an instruction on specific intent in an aggravated robbery case constituted prejudicial error requiring reversal.
We deem it unnecessary to restate the basic principles which require such a conclusion and merely refer to the following decisions of this Court which deal with the problem of instructions where specific intent is an ingredient of the crime charged, as contrasted with a general criminal intent. Hampton v. People, 171 Colo. 101, 465 *303 P.2d 112; Gonzales v. People, 166 Colo. 556, 445 P.2d 74; Armijo v. People, 157 Colo. 217, 402 P.2d 79; Shreeves v. People, 126 Colo. 413, 249 P.2d 1020; Funk v. People, 90 Colo. 167, 7 P.2d 823.
Other alleged errors need not be considered in view of our disposition on insufficient jury instructions.
The judgment is reversed and cause remanded for a new trial.
Mr. Chief Justice McWilliams and Mr. Justice Groves dissenting.
Mr. Justice Kelley not participating.