No. 23755.

ROLLO K. SCHERMERHORN *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(486 P.2d 423)

Decided June 28, 1971.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, EDWARD H. SHERMAN, Public Defender for the City and County of Denver, ISAAC MELL-MAN, Special Assistant, STEPHEN C. RENCH, Deputy, ROBERT T. BURNS, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THE plaintiff in error, hereinafter referred to as the defendant, was charged by information with armed robbery and found guilty. He is here on writ of error seeking reversal of the judgment entered on the verdict.

Defendant's motion for new trial, which the trial court denied, alleged error (1) in the admission of Exhibit F, a record of the line-up proceedings; (2) in denial of a motion for judgment of acquittal (i) because the evidence was not sufficient to establish a prima facie case, (ii) because of insufficient proof of the "intent, if resisted, to maim, wound or kill," and (iii) because proof of the "intent, if resisted, to maim, wound or kill" was based on circumstantial evidence alone.

A brief statement of the facts will help to place the assigned errors in proper perspective.

In the early morning hours on October 11, 1967, the defendant and three friends, two girls and one male, while riding around in a white Comet rent-a-car loaned to the defendant by his brother-in-law, drove into a parking lot on Ogden Street between Colfax and 14th Avenue. The defendant left the engine running and

proceeded on foot to a Phillips service station located on Colfax Avenue.

The defendant went immediately into the station and requested the attendant, one Zimmerman, to change a one dollar bill. When Zimmerman opened the cash register, the defendant said, "Give me all of it," drew a pistol and repeated his demand. After he had complied with defendant's order, the defendant still pointing the gun at him told Zimmerman that if he tried anything it would be his last. The defendant then took the money and before leaving said, "If you stick your head out of the door, in five minutes I will blow your head off."

While the car was parked with the engine running in the parking lot, a computer operator, working in the adjacent building, observed the car, became suspicious and wrote down the license number. As the defendant returned to the car, he walked within a few feet of this witness, giving the witness an excellent opportunity to observe him.

Upon returning to the car the defendant said, "Let's get out of here." After leaving the parking lot, the defendant removed some of the money from a coat pocket and placed it in the glove compartment. As he was removing the gun from his clothing, it accidently discharged, the bullet striking the defendant in the leg. One of the girls asked the defendant if he had "robbed the place" and he answered, "Yes, but you don't know anything."

Shortly thereafter the defendant and his companions were arrested and the money, the gun, and some of the shells were recovered in the automobile.

For convenience the assigned errors will be considered in reverse order.

█ The evidence, as a mere reading of the above facts will indicate, was sufficient to establish a prima facie case. The testimony of Mr. Zimmerman was sufficient, if believed by the jury, to establish the essential elements of the offense charged.

█ Where the jury has found the guilt of the accused to have been proven beyond a reasonable doubt, this court on review will not weigh the evidence. *Dodge v. People,* 168 Colo. 531, 452 P.2d 759. *Godfrey v. People,* 168 Colo. 299, 451 P.2d 291.

█ Arguments (2) (ii) and (2) (iii) relate to the sufficiency of the evidence to prove the specific intent of the defendant, if resisted, to maim, wound or kill. The pointing of the gun in a threatening manner is sufficient to support the finding of specific intent. *McGraw v. People,* 154 Colo. 368, 390 P.2d 819. The demand of "all" the money while pointing the gun at the victim and threatening to "blow" his head off is ample evidence to support the charge of intent, if resisted, to maim, wound or kill. *McGraw v. People, supra.*

█ The other alleged error relates to the question of the admissibility of evidence. Our examination of the record shows that the questioned exhibit, although technically hearsay, was cumulative and was not prejudicial to the defendant.

Judgment affirmed.

MR. JUSTICE LEE, WILLIAM S. EAKES and WILLIAM M. ELA, District Judges,* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.