[No. 4699.]

THE BOULDER & WHITE ROCK DITCH COMPANY v. THE LEGGETT CONSOLIDATED DITCH & RESERVOIR COMPANY ET AL.

1. **Practice in Civil Actions—Water Rights—Evidence—Intention—Admissibility.**

   In an action in which the question of the abandonment of a water right is involved, evidence in regard to the intention of the owner towards such water right is admissible.—P. 457.

2. **Practice in Civil Actions—Evidence—Admissions.**

   Where, in an action to re-establish certain water rights, the plaintiff alleged in its complaint that at no time could defendant's ditch carry more than 600 statutory inches of water per second of time, and that defendant's company had voluntarily abandoned all in excess of such amount, a complaint previously filed by plaintiff, asking for a readjudication of priorities in that water district, containing a statement that defendant's ditch would carry 800 statutory inches of water, was admissible in evidence as an admission by plaintiff of such fact.—P. 458.

3. **Appellate Practice — Practice in Civil Cases — Evidence — Striking Testimony—Reversible Error.**

   In an action concerning water rights, where the testimony of plaintiff's witness in rebuttal was not materially different from that given in chief, except as to the fact that he shut down a certain headgate because the priority had expired and that he did not know whether any water was run into that ditch on account of defendant's appropriation, while defendant's motion to strike might properly have been denied, its allowance does not constitute reversible error.—P. 459.

4. **Water Rights—Abandonment—Junior Appropriators.**

   Where a party has never abandoned any of the water decreed under an early priority, although for several years only a portion of it had been used, a subsequent decree confirming

the amount of the early priority is not objectionable on the ground of working an injury to junior appropriators.—P. 459.

**5. Appellate Practice—Conflicting Evidence—Findings.**

Where the testimony is conflicting, the finding of the trial court will not be disturbed on appeal unless it is manifestly against the weight of the evidence.—P. 459.

*Appeal from the District Court of Boulder County. Hon. James E. Garrigues, Judge.*

Action by The Boulder & White Rock Ditch Company against The Leggett Consolidated Ditch & Reservoir Company *et al.* From a judgment in favor of defendants, plaintiff appeals.        *Affirmed.*

Messrs. GIFFIN & ROWLAND and Mr. H. N. HAYNES, for appellants.

Mr. GRANT E. HALDERMAN and Messrs. DOWNER & HAWKINS, for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court:

The appellant, as plaintiff, began its action in the district court of Boulder county. The complaint alleges: That, by a decree dated June 2, 1882, the defendant was awarded priority number 30, for 31.35 cubic feet of water, equivalent to about 1,200 statutory inches, and that the date of appropriation was fixed at May 1st, 1868; that plaintiff was awarded priority number 35, for 747.28 cubic feet of water, and that the date of appropriation was fixed at November 1, 1873. The complaint also alleges that at no time could the ditch of defendant carry an amount of water in excess of six hundred statutory inches per second of time; that the land under the ditch did not require for proper cultivation more than six hundred statutory inches; and that the then owners of the said Leggett ditch voluntarily abandoned any priority to use the water under said decree in excess of six hundred inches; and that,

since the date of the decree, neither the said defendant company nor any person or corporation claiming under it, has ever used or applied to beneficial use any water under said decree in excess of six hundred inches; that all of the residue of the water of said stream over and above said six hundred inches has been diverted and continuously used by subsequent appropriators in each and every year; that the defendant, having for a long period of years abandoned the water in the said decree in excess of six hundred inches, now claims to be entitled to the whole of its decree as of its priority date, and has demanded that the full amount of water be turned into its ditch; that the water commissioner threatens to turn into the said defendant's ditch the whole amount of water decreed. The complaint prays for a temporary injunction against the water commissioner and for a decree declaring that the defendant ditch company has wholly abandoned all portions of the water under said decree in excess of six hundred inches. The court found that there had been no abandonment of any portion of the water decreed, and judgment was rendered for the defendant dismissing the complaint. The plaintiff appeals.

The court, over the objection of the plaintiff, permitted one of the owners of the Leggett ditch to answer the question: ''Did you ever have any intention or purpose of abandoning that decree or any part of it?'' Questions of the same import were asked of other witnesses, and the objections to the questions were, in each instance, overruled. The overruling of the objections and the admission of the testimony is assigned as error. The court, we think, did not commit error. Abandonment is a matter of intention, and, therefore, the intent with which the acts claimed to operate as an abandonment were done, is material.

"As a consequence of admitting parties to actions to testify in the case, the fact of the existence of a mental state, intent, knowledge, motive, or belief in the party at any given time, if it is a material point in the case, may be proved by the direct testimony of the party himself."—1 Greenleaf on Evidence, § 329n.

"A party, when examined as a witness, may be asked as to his own motives or intentions, when these are material."—Wharton's Crim. Ev., § 431, citing *Fiedler v. Darrin,* 50 N. Y. 437, and many other cases.

The court received, over the objection of the plaintiff, a complaint filed in the district court in the year 1893, by the plaintiff, asking for a readjudication of the priorities in the water district. In this complaint is found a statement concerning the ditch now owned by the defendant. This was introduced for the purpose of showing an admission of the plaintiff that the Leggett ditch would carry eight hundred inches of water. In passing upon the objection, the court said: "I will admit the complaint in evidence for the purpose of showing, as an admission coming from The White Rock Ditch Company, of the amount of water that the Leggett ditch was entitled to at the time the complaint was filed. I am not passing upon its merits, but simply allowing it as an admission for whatever it is worth; it might throw some light upon the matter."

We think no error was committed. The statement in the complaint was an admission that the court might properly consider in rendering judgment. Other assignments relate to the reception and rejection of testimony, but we think they are not well taken. As the trial was by the court, the rules of evidence are not so rigid as when the trial is by jury.—*Washburn v. Williams,* 10 Colo. App.

143. This case is decisive of the assignment relating to the reception of testimony.

The 8th assignment relates to the striking of certain testimony given in rebuttal. The witness whose testimony was struck had testified in chief, and the matters brought out in rebuttal are not materially different from those testified to by the witness when on the stand in the first instance, except the fact that he shut down the Charity headgate because the priority had expired, and that he did not know whether any water was run into that ditch on account of the Leggett appropriation.

The motion to strike might properly have been denied, but the striking of the testimony we do not regard as reversible error.

The remaining assignments are that the finding and decree are contrary to the evidence. The principal contention of the plaintiff was that the defendant had abandoned that portion of the water awarded to it by the decree of 1882 in excess of six hundred cubic inches. A great number of witnesses were examined on this question, and the court determined that the appropriation of the defendant had not been abandoned. Counsel contend that the effect of the judgment is to withdraw from the stream, to the great injury of junior appropriators, more water than was actually appropriated as conferred by the decree of 1882. This contention is not sound if there was no abandonment of any portion of the water appropriated and decreed. The judgment, we think, should stand. The testimony was conflicting, and under the well-known rule the finding should not be disturbed unless it is manifestly against the weight of the evidence.

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.