## No. 9714.

MINNEAPOLIS STEEL AND MACHINERY CO. *v.* YEGGY, ET AL.

Decided Oct. 4, 1920.  Rehearing denied Jan. 10, 1921.

Action by agents to recover a commission on the sale of machinery. Judgment for plaintiffs.

### *Reversed.*

1. AGENCY—*Commission.* An agent is not entitled to a commission on the sale of machinery where his principal negotiated the sale long prior to the making of the agency contract.

2. JUDGMENT—*On Issue Not Pleaded.* A litigant having tried a cause on a theory which is in accord with his pleadings, cannot sustain a verdict on evidence competent only under an entirely different theory.

3. APPEAL AND ERROR—*Excluded Evidence.* Where a question calls for a statement of fact clearly within the knowledge of the witness, it is error to sustain an objection thereto on the ground that it calls for a conclusion.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. ARCHIBALD A. LEE, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendants in error had judgment against the plaintiff in error in an action to recover a commission on the sale of a tractor to one Bovard.

The complaint alleged that the plaintiffs were duly appointed agents to sell tractors for the defendant on a commission of ten per cent of the selling price; that they procured Bovard as a purchaser of a tractor at the price listed by defendant therefor, as per the agency contract; and that defendant with full knowledge that plaintiff had obtained such purchaser, sold a tractor to Bovard without plaintiffs' knowledge, by reason of which facts plaintiffs claimed a commission of $511.50. The answer admits the agency, and the sale of the tractor, denies that plaintiffs procured Bovard as a purchaser, and alleges that plaintiffs had no part in the sale. The replication sets out that,

"It was agreed that plaintiffs should receive compensation only upon such tractors and equipment as should be sold by or through them, or for which they should obtain purchasers."

Plaintiff in error contends that the undisputed evidence shows that defendants in error did not procure Bovard as a purchaser. Both Bovard and the general agent of defendant testified that, long prior to the making of the agency contract, they had been negotiating concerning a sale to Bovard. The record contains a letter from Bovard to the defendant, dated several days before plaintiffs obtained this agency, in which he asked for the price and time of delivery of a tractor. The record contains also a letter of defendant transmitting the Bovard letter to the Denver office, and a letter from the Denver agent to Bovard

giving price, etc.; all prior to the agency contract upon which plaintiffs rely. It is clear, then, that plaintiffs did not procure Bovard as a purchaser.

Defendants in error, however, contend that the verdict is sustained by their testimony to the effect that there was an express agreement with defendant's agent that they would be protected "in their commission on the Bovard deal." To this plaintiff in error very properly objects that the cause of action set out in the complaint, and confirmed in the replication, is for procuring a purchaser, and not upon an agreement for a commission, in case of a sale to a specified person. A litigant having tried a cause on a theory which is in accord with his pleadings, cannot sustain a verdict on evidence competent only under an entirely different theory. Plaintiffs founded their action on an employment to procure a purchaser, and the procuring of one, and not upon an agreement for a commission in case a sale was made by the defendant to Bovard. The evidence being wholly lacking to support the claim as pleaded, the verdict cannot stand.

It is further assigned as error that the court sustained an objection to a question to Bovard as to whether or not the plaintiffs' had any influence upon him in the matter of the purchase. The objection was sustained on the ground that the question called for a conclusion.

The question did not call for a conclusion of the witness, but for a statement of a fact clearly within his knowledge. The court erred in sustaining the objection. *B. & W. R. D. Co. v. L. C. D. & R. Co.,* 36 Colo. 455, 86 Pac. 101.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BURKE concur.