493 P.2d 671 (1972)
The PEOPLE of the State of Colorado In the Interest of J. S. C., a child, Petitioner-Appellee,
v.
J. S. C., a child, Respondent-Appellant.
No. 70-491.
Colorado Court of Appeals, Div. I.
January 18, 1972.
*672 Floyd Marks, Dist. Atty., Stanley B. Bender, Chief Deputy Dist. Atty., Brighton, Roger H. Allott, Denver, for petitioner-appellee.
Ben Klein, Denver, for respondent-appellant.
Selected for Official Publication.
DWYER, Judge.
In a petition filed in the District Court of Adams County under the Colorado Children's Code, J.S.C., age 16, was alleged to be a delinquent child as defined by 1967 Perm.Supp., C.R.S.1963, 22-1-3(17) (a). The petition was grounded on the allegation that J.S.C. committed a theft in violation of 1967 Perm.Supp., C.R.S.1963, 40-5-2. The case was tried to a jury which found that the allegations of the petition had been sustained and that the child was delinquent. The court entered judgment on the verdict and adjudicated J.S.C. a delinquent child.
On this appeal the respondent child seeks reversal of the judgment on the ground, among others, that the court erred in refusing to permit her to testify as to her intent with respect to commission of those acts alleged to constitute the act of delinquency charged.
In support of the allegation that J.S.C. took certain items of merchandise belonging to Safeway Stores, Inc., with the intent to steal them, the District Attorney presented testimony indicating that J.S.C. removed several items of merchandise from a Safeway Store display shelf, concealed them in her purse, and started toward the exit.
In her defense, respondent attempted to testify that she did not intend to steal the merchandise. She was asked by her attorney: "Did you intend to steal any item or commit a theft upon Safeway?" The respondent replied: "No, sir." An objection to the question on the ground that the question was leading was sustained by the court. An argument concerning the admissibility of respondent's testimony relative to her intent was held at the bench outside the presence of the jury. The court ruled that the entire line of questioning was not proper and that respondent would not be permitted to answer any questions concerning her intent.
Where intent is a material element of the offense charged, a defendant has the right to testify specifically as to his intention in the commission of the acts which it is claimed constitute the offense. Funk v. People, 90 Colo. 167, 7 P.2d 823. To exclude such testimony is reversible error. Bershenyi v. People, 71 Colo. 432, 207 P. 591. See also Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465. Since intent is a material element of theft, the court erred in ruling that the respondent child could not testify as to her *673 intent in the commission of the acts by which it is alleged she committed the theft charged in the petition.
The District Attorney argues that respondent was not prejudiced by the ruling of the court because the record shows that she answered the question. There is no merit in this argument. The trial court clearly indicated to the jury by sustaining the objection that the answer was not admissible evidence, and by its subsequent ruling, it denied respondent her right to tell the jury specifically that she did not intend to steal any merchandise from Safeway.
The judgment is reversed for the reasons stated above, and a consideration of other errors alleged is unnecessary. A new trial cannot be held because the trial court, at a hearing subsequent to its order adjudging respondent a delinquent child, terminated its jurisdiction pursuant to 1967 Perm.Supp., C.R.S.1963, 22-3-19. Under these circumstances, the court is directed to dismiss the petition.
SILVERSTEIN, C. J., and ENOCH, J., concur.