The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Monte Ryan YOUNG, Defendant–
Appellant.

No. 94CA0041.

Colorado Court of Appeals,
Div. II.

March 2, 1995.

Rehearing Denied April 13, 1995.

Certiorari Denied Jan. 8, 1996.

See also, 859 P.2d 814.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Monte Ryan Young, appeals from the trial court's denial of his Crim.P. 35(c) motion seeking relief from his conviction for felony escape. Defendant contends that, because of a "gap" in the felony escape statute, § 18–8–208, C.R.S. (1986 Repl.Vol. 8B), and the juvenile custody and confinement statute, § 18–8–210.1, C.R.S. (1994 Cum.Supp.), his escape from a work-release program did not constitute felony escape or any other offense. Defendant also contends that the trial court's failure to set forth find-

ings of fact and conclusions of law requires remand. We affirm.

## I.

Two separate petitions in delinquency were filed against defendant before his eighteenth birthday. Defendant admitted engaging in acts that, if performed by an adult, would constitute the offenses of second degree burglary, a class 3 felony, and possession of burglary tools, a class 5 felony.

On the basis of his admissions, the juvenile court adjudicated defendant to be a juvenile delinquent and sentenced him to confinement for one year in the county jail. Both the adjudication and the sentencing occurred after defendant had turned eighteen years old.

The juvenile court authorized defendant to participate in work release. Defendant left the work-release facility to which he was assigned without authorization and, as a result, was charged with and convicted of felony escape under § 18–8–208. This appeal followed.

## II.

■ Defendant contends that he was not under the continuing jurisdiction of the juvenile court at the time of his escape and that his escape is therefore not punishable under § 18–8–208(2), C.R.S. (1986 Repl.Vol. 8B). We disagree.

### A.

Section 18–8–208(2) provides that a person commits a class 3 felony by escaping from custody or confinement following conviction of a felony other than a class 1 or class 2 felony.

At the time of his escape, defendant was being confined on the basis of his adjudication as a juvenile delinquent, rather than for the conviction of a felony. He was therefore charged with violation of the felony escape statute by way of the juvenile custody and confinement statute, § 18–8–210.1. That statute provides in pertinent part that, for purposes of the felony escape statute, any reference to custody, confinement, or conviction of a felony shall be deemed to include a

"juvenile" who has been adjudicated a juvenile delinquent, as provided for in § 19–2–101, et seq., C.R.S. (1986 Repl.Vol. 8B), for an act which would constitute a felony if committed by an adult.

For purposes of the Children's Code, the term "juvenile" includes a person eighteen years of age or older "who is under the continuing jurisdiction of the [juvenile] court." Section 19–1–103(3), C.R.S. (1994 Cum.Supp.). Hence, defendant's unauthorized absence from the work-release program constitutes felony escape, even if he was over 18 at the time of his escape, if he was then under the continuing jurisdiction of the juvenile court.

### B.

The Children's Code at one time expressly granted continuing jurisdiction to juvenile courts over a child adjudicated as neglected, dependent, or delinquent until he or she reached the age of twenty-one unless that jurisdiction was terminated by court order. *See* 1967 Perm.Supp., C.R.S.1963, § 22–3–19; § 19–3–118, C.R.S. (1986 Repl.Vol. 8B); *see also People in Interest of T.A.F.,* 624 P.2d 349 (Colo.App.1980); *People in Interest of J.S.C.,* 30 Colo.App. 381, 493 P.2d 671 (1972).

In 1987, however, the Children's Code was repealed and reenacted in its entirety. The provision concerning jurisdiction over juveniles adjudicated as delinquent, as amended in 1991, now provides:

> The juvenile court may retain jurisdiction over a juvenile *until all orders have been fully complied with by such person,* or any pending cases have been completed, or the statute of limitations applicable to any offense which may be charged has run, regardless of whether such person has attained the age of eighteen years, and regardless of the age of such person.

Section 19–2–102(5), C.R.S. (1994 Cum.Supp.) (emphasis added).

■ The statute unambiguously allows continuing jurisdiction over a juvenile until his or her full compliance with all court orders. *See People v. T.R.,* 860 P.2d 559 (Colo. App.1993). Defendant does not dispute, and we agree, that the term "order" in § 19–2–

102(5) encompasses a post-adjudication sentencing order.

 We therefore conclude that the statute allows the juvenile court's jurisdiction to continue until any sentence imposed has been completed. *Cf.* § 19–2–103(1), C.R.S. (1994 Cum.Supp.) (after juvenile court has sentenced a juvenile, it may transfer venue to the court of the county of the juvenile's residence for purposes of supervision). We further conclude that such jurisdiction does continue, at least absent an order to the contrary. *Cf.* § 19–3–205, C.R.S. (1994 Cum. Supp.) (jurisdiction over child adjudicated neglected or dependent continues until the juvenile becomes twenty-one "unless earlier terminated by court order").

Here, defendant escaped while serving the sentence imposed by the juvenile court. Until his full compliance with the sentencing order, he remained under the continuing jurisdiction of the juvenile court and was a "juvenile" for purposes of the juvenile custody and confinement statute. That statute in turn provided a proper basis for his conviction under the felony escape statute. The trial court therefore properly denied his motion for post-conviction relief.

Because of our resolution of this issue, we reject defendant's related argument that the prosecution failed to prove defendant was a "juvenile" at the time of his escape.

### III.

Defendant also contends that, because the trial court failed to set forth findings of fact and conclusions of law in its order denying his Crim.P. 35(c) motion, a remand for entry of such findings and conclusions is required. In the circumstances presented here, we disagree.

■ Crim.P. 35(c)(3) requires that the trial court make findings of fact and conclusions of law. The failure to do so is error. However, when the only issue raised by the motion concerns the construction of statutes, such failure is harmless error and does not require reversal. *People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992).

Here, defendant raised only an issue of statutory construction in his Crim.P. 35(c) motion. Therefore, the trial court's failure to make the required findings of fact and conclusions of law does not require remand. *See People v. Hartkemeyer, supra.*

Order affirmed.

CRISWELL and ROY, JJ., concur.