The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

In the Interest of M.T., Juvenile–
Appellant.

No. 97CA0196.

Colorado Court of Appeals,
Div. I.

Oct. 30, 1997.

Rehearing Denied Dec. 4, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, M. Catherine Duba, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Denver, William T. McNulty, Deputy State Public Defender, Grand Junction, for Juvenile–Appellant.

Opinion by Chief Judge STERNBERG.

M.T., a juvenile, appeals the order of the juvenile court revoking her probation. We conclude the juvenile court was without jurisdiction to revoke probation and therefore vacate the court's order.

On November 29, 1994, M.T. was adjudicated to be a juvenile delinquent after pleading guilty to committing acts that would constitute second degree aggravated motor vehicle theft if committed by an adult. The court placed M.T. on probation for a period of two years.

On November 19, 1996, M.T.'s probation officer filed a "Petition and Order to Terminate Probation" averring that M.T. had "substantially complied with all the orders of the court." The petition further indicated that M.T. "resides in the State of Oklahoma. Any further services by this Department would be financial (sic) futile." That same day, the trial court signed an order terminating probation.

On the following day, M.T.'s probation officer filed a "Motion to Reinstate Probation and Extend One Year." As grounds, the probation officer alleged that M.T. had failed to respond to probation services both in Colorado and in Oklahoma and had failed to pay costs and restitution as ordered by the court. In addition, the probation officer informed the court that, after filing the petition to terminate probation, he had learned that M.T. had been hospitalized for a drug overdose.

M.T. objected to the reinstatement petition on the ground that jurisdiction terminated upon entry of the juvenile court's order terminating probation. The juvenile court rejected M.T.'s argument, reasoning that the order of termination could be set aside in the interests of justice because it was entered by mistake and before the two-year probationary term expired. After conducting a hearing, the juvenile court revoked M.T.'s probation and then reinstated it for a period of one year. M.T. appeals from that order.

■ Termination of a juvenile's probation is authorized by the following provision:

The court may release a juvenile from probation or modify the terms and conditions of his or her probation at any time, but any juvenile who has complied satisfactorily with the terms and conditions of his or her probation for a period of two years shall be released from probation, and the jurisdiction of the court shall be terminated.

Section 19–2–925(3)(b), C.R.S.1997.

In *People in Interest of Maddox v. District Court*, 198 Colo. 208, 597 P.2d 573 (1979), the supreme court construed an earlier version of this statutory provision and held that, absent full compliance with the terms and conditions of probation, a juvenile's probation does not automatically terminate after two years. In reaching that conclusion, the court in *Maddox* distinguished the situation in which the juvenile court entered an "order which terminated jurisdiction." *People in Interest of Maddox v. District Court, supra,* 198 Colo. at 213, 597 P.2d at 576.

In *People v. Young*, 908 P.2d 1147 (Colo. App.1995), a division of this court held that a juvenile adjudicated to be a delinquent remains under the court's jurisdiction until he or she fully complies with all orders of the juvenile court. The court based its ruling on 19–2–104(6), C.R.S.1997, which states:

The juvenile court may retain jurisdiction over a juvenile until all orders have been fully complied with by such person, or any

pending cases have been completed, or the statute of limitations applicable to any offense which may be charged has run, regardless of whether such person has attained the age of eighteen years, and regardless of the age of such person.

As in *Maddox*, the division in *Young* noted that "such jurisdiction does continue, at least absent an order to the contrary." *People v. Young, supra*, 908 P.2d at 1149.

In this case, unlike in *Maddox* and *Young*, the juvenile court entered an order terminating probation before the revocation petition was filed. By doing so, the juvenile court lost jurisdiction over M.T.

We are not persuaded by the People's suggestion that the juvenile court's termination order was without effect. The plain language of 19–2–925(3)(b) clearly authorizes a juvenile court to "release" the probationer before the probationary period is completed. In this context, "release" must mean a termination of probation resulting in a loss of jurisdiction. If this were not the case, a juvenile "released" from probation would be left in the uncertain position of wondering if he or she might be subject to revocation for failing to comply with the terms and conditions of probation.

The People ask us to uphold the trial court's order as a ruling under C.R.C.P. 60 relieving a party from an order entered by mistake. For the purposes of our analysis of this issue we assume, without deciding, that C.R.C.P. 60 would apply to this factual circumstance, but nevertheless, conclude that it is not legally pertinent.

Juvenile adjudications are civil in nature; however, the Colorado Rules of Civil Procedure apply only to those juvenile matters that are not governed by the Colorado Children's Code. See *People in Interest of A.E.*, 914 P.2d 534 (Colo.App.1996).

As set forth above, the procedures by which a juvenile's probation may be terminated are comprehensively covered by statute. Therefore, an order terminating a juve-

nile's probation cannot be rescinded under C.R.C.P. 60.

The order reinstating probation is vacated.

METZGER and PLANK, JJ., concur.