The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Keith Clayton BROOKS, Jr., Defendant–Appellant.

No. 08CA0334.

Colorado Court of Appeals, Div. VII.

May 13, 2010.

Rehearing Denied Aug. 26, 2010.

John W. Suthers, Attorney General, Corelle M. Spettigue, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Keith Clayton Brooks, Jr., Pro Se.

Opinion by Judge MILLER.

Defendant, Keith Clayton Brooks, Jr., appeals the district court's orders denying his Crim. P. 35 motions in two cases. We affirm, but remand for correction of the mittimus in each case.

I. Background

In January 2000, pursuant to a plea agreement in 99JD1799, defendant pleaded guilty to committing acts that, if committed by an adult, would constitute attempted first degree aggravated motor vehicle theft. In March 2000, the juvenile court sentenced defendant to two years of probation. The court also ordered defendant to pay $35,823.60 in restitution to the victims of his conduct.

In April 2000, pursuant to a plea agreement in 00CR737, defendant pleaded guilty to second degree burglary. In June 2000, the district court sentenced him to four years of probation and ordered him to pay $240 in restitution to his victims in that case.

Meanwhile, in May 2000, the probation department filed a complaint to revoke defendant's probation in 99JD1799, alleging several violations of its terms and conditions. In June 2000, one day after he was sentenced to probation in 00CR737, defendant admitted violating his probation in the juvenile case. The juvenile court revoked defendant's two-year probationary sentence and resentenced him to ninety days in jail. The court also ordered defendant's outstanding restitution obligation transferred to 00CR737, to be paid as a condition of his four-year probationary sentence in that case.

In January 2001, defendant's probation in 00CR737 was revoked and he was resentenced to two years in community corrections. The balance of his juvenile restitution obligation was added to his adult restitution obligation and included on the mittimus.

In April 2001, defendant's community corrections sentence in 00CR737 was revoked and he was resentenced to two years in the Department of Corrections (DOC). His outstanding juvenile restitution obligation was also included on the amended mittimus in 00CR737.

In April 2004, defendant filed a motion for a restitution hearing or modification of restitution pursuant to Crim. P. 35(a) in 99JD1799. He filed a virtually identical motion in the same case in November 2004. He filed a document captioned Waiver of Restitution in February 2007 requesting that the restitution order in that case be waived in its entirety. A district court magistrate treated the document as a motion to waive restitution and denied it on March 13, 2007, noting that the restitution had been transferred to 00CR737 as a condition of probation. The 2004 motions, however, were never ruled upon.

■ In December 2007, defendant filed Crim. P. 35 motions in both cases claiming, among other things, that the juvenile court lacked authority to transfer his outstanding juvenile restitution obligation to his adult case. The district court denied the motions in identical written orders entered in each case without addressing this argument. This appeal followed.

## II. Abandoned Claims

Initially, we note that any arguments defendant made in his Crim. P. 35 motions that are not specifically reasserted on appeal are abandoned, and we therefore do not address them. *See People v. Rodriguez,* 914 P.2d 230, 249 (Colo.1996); *People v. Osorio,* 170 P.3d 796, 801 (Colo.App.2007).

## III. Adult Sentence

Defendant contends that his current sentence in 00CR737 is illegal because the district court lacked authority to include his juvenile restitution obligation in its sentence, and because the juvenile court lacked authority to transfer such obligation to his adult sentence. We agree with defendant that his current sentence in 00CR737 is illegal.

■ A sentence that is not authorized by law is illegal and may be corrected at any time. *See* Crim. P. 35(a); *People v. Dunlap,* 222 P.3d 364, 367 (Colo.App.2009). A sentence is illegal if it is "inconsistent with the statutory scheme outlined by the legislature." *Dunlap,* 222 P.3d at 367 (quoting *People v. Rockwell,* 125 P.3d 410, 414 (Colo.2005)); *People v. Wenzinger,* 155 P.3d 415, 418 (Colo. App.2006) (an illegal sentence is one that is contrary to the legislative sentencing scheme).

■ Restitution is part of a defendant's sentence. *Dunlap,* 222 P.3d at 368. Therefore, when a trial court lacks authority to impose restitution, the resulting sentence is illegal. *See Delgado v. People,* 105 P.3d 634, 635 (Colo.2005) (a sentence that does not fully comply with the sentencing statutes is illegal in its entirety).

The People argue that the district court had authority under section 18–1.3–204(2)(a)(XV), C.R.S.2009, to make defendant's juvenile restitution a condition of his probation in the adult case. *See* § 18–1.3–204(2)(a)(XV) (a court may, as a condition of

probation, require defendant to satisfy any conditions reasonably related to the defendant's rehabilitation and the purposes of probation).

However, the People do not cite any statutory authority or case law, and we are not aware of any, that authorizes a district court to include, as part of a direct sentence to community corrections or DOC, a restitution order from an unrelated juvenile case. On the contrary, the criminal restitution statutes authorize a district court to order restitution payments only to the victims of the offender's criminal conduct, not, as relevant here, to the victims of the offender's juvenile conduct in an unrelated juvenile case. *See* §§ 18–1.3–601 to –603, C.R.S.2009 (formerly codified at sections 16–18.5–101 to –103 under ch. 232, sec. 1, 2000 Colo. Sess. Laws 1030–34); *see also People v. Steinbeck*, 186 P.3d 54, 60 (Colo.App.2007) (section 18–1.3–602(3)(a) "requires that the conduct underlying the basis of the defendant's criminal conviction proximately caused the victim's losses"); *People v. Brigner*, 978 P.2d 163, 164 (Colo.App.1999) ("A defendant may not be ordered to pay restitution for losses that did not result from the conduct that was the basis of the defendant's criminal conviction.").

Thus, we conclude that the district court had no authority to include the juvenile court's restitution order, either in its community corrections sentence or in its DOC sentence. We likewise necessarily conclude that the juvenile court lacked authority to transfer such obligation to defendant's adult case.

Accordingly, defendant's current sentence is illegal, and we remand the case to the district court with directions to remove the amount of restitution owed in 99JD1799 from the mittimus in 00CR737.

## IV. Juvenile Restitution Order

■ To the extent defendant contends that the restitution order in 99JD1799 must be vacated because the court lacked authority to transfer his outstanding restitution obligation in that case to 00CR737, we do not agree. We conclude that the juvenile restitution order remains a valid order over which

the court in 99JD1799 continues to have jurisdiction.

Defendant's juvenile restitution order was imposed pursuant to section 19–2–918(1) of the Children's Code, which, in 2000, required courts to order restitution whenever a juvenile delinquent caused damage or injury to the victim of his or her delinquent act. *See* ch. 288, sec. 10, § 19–2–918(1), 1996 Colo. Sess. Laws 1782.

Currently, as was the case in 2000, once a court in a juvenile case orders restitution, it retains jurisdiction over that order indefinitely until the order is fully satisfied or the court issues another order terminating the restitution order. *See* § 19–2–104(6), C.R.S. 2009; *People v. T.R.*, 860 P.2d 559, 563 (Colo. App.1993).

Thus, we conclude that, until defendant satisfies his juvenile restitution obligation, or the court issues an order specifically terminating such obligation, the court in 99JD1799 will have jurisdiction over the original order.

In so concluding, we note that defendant's reliance on *People in Interest of M.T.*, 950 P.2d 669, 670–71 (Colo.App.1997), and *People in Interest of Maddox v. District Court*, 198 Colo. 208, 212–13, 597 P.2d 573, 576 (1979), to support his argument that the court lost jurisdiction when it revoked his probation, is misplaced. Both of those cases involved a statutory provision that required the juvenile court to terminate a juvenile's probation, and thus its jurisdiction, when the juvenile had satisfactorily complied with the terms and conditions of probation. *See* § 19–2–925(3)(b), C.R.S.2009 (substantially similar to former section 19–3–117(2)(b), in effect until 1987, and to former section 19–2–705(3)(b), in effect until 1996). Here, the court did not terminate defendant's probation in 99JD1799. It simply revoked his probation for violating its terms and conditions before imposing a new sentence.

## V. Unpreserved Claims

■ Because they are made for the first time on appeal, we do not address defendant's remaining claims, which include: (1) that the district court violated his right to be free from double jeopardy when it added his

juvenile restitution obligation to his adult sentence; (2) that his guilty plea in 00CR737 was invalid because it was induced by the promise of an illegal sentence; and (3) that his plea counsel in 00CR737 provided ineffective assistance by advising him to accept a plea offer that included an illegal sentence. *See People v. Gardner,* 55 P.3d 231, 235 (Colo.App.2002) (declining to address arguments made for first time in postconviction appeal).

## VI.   Conclusion

The orders are affirmed and the cases are remanded to the district court with directions to remove the amount of restitution owed in 99JD1799 from the mittimus in 00CR737 and to remove the notation on the mittimus in 99JD1799 purporting to transfer the restitution originally ordered in that case to 00CR737.

ROMÁN and NEY *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.

### 2. Divorce ⊸1216

Wife waived for appellate review her assertion that trial court erred in failing to investigate how husband had paid for his attorneys' fees and costs for purposes of allocation of debt, where wife failed to raise this argument at the trial court level or intermediate appellate level.