FILED
United States Court of Appeals
Tenth Circuit

**July 6, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEITH C. BROOKS, JR.,

                Petitioner - Appellant,

v.

ANGEL MEDINA, Warden, Limon
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

                Respondents - Appellees.

No. 12-1053
(D.C. No. 1:11-CV-02470-LTB)
(D. Colorado)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Applicant Keith Brooks, Jr., a prisoner at the Limon Correctional Facility

in Colorado, filed a *pro se* application for relief under 28 U.S.C. § 2254 in the

United States District Court for the District of Colorado. The district court

dismissed his application, and he seeks a certificate of appealability (COA) from

this court to appeal the dismissal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a

COA to appeal the denial of a § 2254 application). We deny his application for a

COA and dismiss the appeal.

## I.    BACKGROUND

In January 2000 Applicant pleaded guilty to an offense in Colorado juvenile court; he was placed on two years' probation and ordered to pay $35,823.60 in restitution. *See People v. Brooks*, 250 P.3d 771 (Colo. App. 2010). Three months later he pleaded guilty to second-degree burglary in state district court; he was sentenced to four years' probation and ordered to pay $240 in restitution. The day after sentencing in the burglary case, Applicant admitted to violating probation in his juvenile case. The juvenile court revoked his probation, sentenced him to 90 days in jail, and ordered that the remaining balance of his juvenile restitution be transferred to his burglary case. In January 2001 the state district court added the restitution in the juvenile case to his adult restitution obligation.

In December 2007 Applicant filed a postconviction motion in state district court. *See* Colo. R. Crim. P. 35. The court denied the motion and Applicant appealed, raising five claims: (1) that the juvenile court had no jurisdiction to transfer restitution to his burglary case; (2) that the district court had no jurisdiction to order him to pay the outstanding balance of his juvenile restitution; (3) that the transfer of restitution violated his right to be free from double jeopardy; (4) that his guilty plea in the burglary case was invalid because it was induced by the promise of an illegal sentence; and (5) that his plea counsel in the burglary case was ineffective in advising him to accept an illegal sentence. *See*

*Brooks*, 250 P.3d at 772, 774. The Colorado Court of Appeals granted Applicant relief on his first two claims and ordered the juvenile-court restitution order removed from Applicant's burglary sentence. *See id.* at 773. The court declined, however, to address Applicant's remaining claims because he had raised them for the first time on appeal. *See id.* at 773–74. The Colorado Supreme Court denied Applicant's petition for a writ of certiorari.

On September 20, 2011, Applicant filed his § 2254 application in federal district court, raising two claims: (1) that the State used the promise of a sentence that was illegal to induce him to plead guilty to burglary, in violation of the Sixth and Fourteenth Amendments, and (2) that his counsel provided ineffective assistance by telling him that he could challenge the amount of restitution and could withdraw his plea if the challenge was unsuccessful. The court determined that the claims were not exhausted in state court because they had not been presented in a full round of Colorado's review process and that they would be procedurally defaulted if pursued in future state proceedings. Because there was no ground for excusing that default, it ruled that the claims were barred from federal habeas review.

Applicant seeks a COA from this court to appeal the district court's denial of his two claims. He argues that the Colorado Court of Appeals erroneously concluded that his inducement and ineffective-assistance claims had not been

raised in state district court and therefore the federal district court erred in holding that his claims were unexhausted and procedurally barred.

## II.    DISCUSSION

We construe Applicant's request for a COA liberally because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*  If the application was denied on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  We recognize that in determining

-4-

whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

Applicant contends in this court that he is raising in his § 2254 application the same claims that he presented in his original state postconviction proceeding: (1) that "the illegal sentence ma[de] [his] guilty plea . . . invalid," Aplt. Br. at 3.iii; and (2) that "because [he] was not advised of the . . . illegality of the illegal sentence, he received ineffective assistance of counsel," *id.* at 4.iii. We choose not to address whether there has been a procedural default but resolve the application for a COA on the merits. We reject Applicant's request for a COA because he fails to make a substantial showing of the denial of a constitutional right.

Applicant cites no authority for the proposition that a guilty plea must be invalidated whenever a bargained-for sentence is held to be unlawfully severe. The obviously proper remedy (absent some prejudice to the government) is simply to reduce the sentence, as happened here. His first claim lacks colorable merit.

Applicant's second claim is that his counsel was ineffective in failing to advise him that he would be accepting an illegal sentence. To succeed on his ineffective-assistance-of-counsel claim Applicant must show that he was prejudiced by his counsel's performance. *See Strickland v. Washington*, 466 U.S.

668, 687, 692 (1984). "To establish *Strickland* prejudice . . . [i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). Defendant has not alleged that had he received competent advice he would have proceeded to trial instead of pleading guilty. Instead, he alleges that had he received competent advice he would not have accepted a plea agreement that included his juvenile-court restitution. But the Colorado Court of Appeals ordered that the juvenile-court restitution be removed from his sentence. *See Brooks*, 250 P.3d at 774. Thus, the ultimate outcome is just what he contends it would have been had his counsel properly advised him. Applicant's second claim must be rejected for failure to show prejudice.

## III. CONCLUSION

We DENY Applicant's request for a COA, GRANT his motion for leave to proceed *in forma pauperis*, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge