23CA2239 Peo v Valdivia 05-15-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2239
Larimer County District Court No. 18CR1989
Honorable Gregory M. Lammons, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Raymond M. Valdivia,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Adrienne R. Teodorovic, Alternate Defense Counsel, Windsor, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Raymond M. Valdivia, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.     Background

¶ 2     The prosecution charged Valdivia with thirty-eight criminal counts stemming from his role in a criminal enterprise.  These charges spanned multiple separate criminal episodes, involved multiple victims, and included several felonies.  Among other things, the prosecution charged two violations of Colorado's Organized Crime Control Act (COCCA), two second degree assault counts, several menacing counts, attempted first degree assault, second degree burglary, identity theft, and retaliation against a witness or victim.

¶ 3     Eight months after the case was filed, Valdivia pleaded guilty to one count each of violating COCCA, identity theft, attempted first degree assault, and retaliation against a witness.  In exchange, the prosecution dismissed thirty-four remaining counts and stipulated to concurrent sentencing, with a controlling twenty-eight-year

aggravated range sentence on the COCCA charge. The trial court sentenced Valdivia in accordance with the plea agreement.

¶ 4 Valdivia timely filed a pro se motion for postconviction relief under Crim. P. 35(c). He claimed that his plea was the result of ineffective assistance of plea counsel. Specifically, he asserted that his plea counsel (1) erroneously advised him to take the plea deal because going to trial would result in "spending life in prison," and the plea deal was the "only option if [Valdivia] wanted to get out one day"; (2) never went over case discovery with him; and (3) failed to advise him of the nature of the charges against him in understandable terms.

¶ 5 The postconviction court appointed counsel who filed a supplemental Rule 35(c) motion likewise asserting ineffective assistance of plea counsel. The supplement asserted four categories of deficient performance — namely, several errors or omissions related to counsel's (1) investigation; (2) communication and advisement; (3) advocacy; and (4) legal and factual research regarding the sufficiency of the prosecution's COCCA case. The supplement asserted that, had Valdivia "known of his [plea]

2

counsel's deficient performance in all aspects of his pre-trial representation, . . . [he] would not have accepted the plea offer but instead would have proceeded to trial." Last, the supplement asserted that the cumulative effect of counsel's alleged errors and omissions resulted in ineffective assistance. Postconviction counsel attached and referred to numerous exhibits, including Exhibit H, which was a postconviction investigator's summary of an audio-recorded interview with plea counsel.

¶ 6 The prosecution responded, arguing that the supplemental motion failed to adequately allege either deficient performance or prejudice. The prosecution pointed to the defense exhibits, including Exhibit H, as well as its own exhibits, and argued that plea counsel "exercised appropriate strategic concerns in investigating and evaluating the case and had plans to continue investigating when [Valdivia] elected to accept the plea agreement." Among other things, the prosecution argued that

- Valdivia's claim that counsel should have further investigated Valdivia's cooperation with law enforcement was speculative and factually unsupported;

- counsel didn't pressure Valdivia into taking a plea;

- counsel sufficiently reviewed discovery;

- Valdivia's abrupt decision to take a plea cut off the need for ongoing investigation and witness interviews;

- counsel adequately weighed Valdivia's history of trauma, addiction, and mental health problems in negotiating the plea; and

- Valdivia's assertions of innocence were contrary to the facts and wouldn't have positively impacted plea negotiations.

The prosecution also argued that both Valdivia and plea counsel sufficiently reviewed the discovery to understand the strength of the case before the plea, plea counsel successfully negotiated a plea deal close to the minimum of the offer, and the COCCA violations were properly charged.

¶ 7 In a detailed written order addressing each of the identified areas of alleged ineffective assistance, the postconviction court denied the motion without a hearing, finding that none of the postconviction claims adequately alleged either "the deficient

performance or prejudice prongs of the *Strickland* test" to entitle Valdivia to a hearing.

## II. Discussion

¶ 8    Valdivia contends that the postconviction court erred by denying his motion without a hearing.  Reviewing the court's decision to do so de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we disagree.

## A. Governing Principles

¶ 9    A postconviction court may deny, without an evidentiary hearing, a Crim. P. 35(c) claim that counsel provided ineffective assistance if the record directly refutes the defendant's claims or if the motion, files, and existing record clearly establish that the allegations, even if proven true, would fail to satisfy one or the other prong of the test established by *Strickland v. Washington*, 466 U.S. 668 (1984).  *People v. Phipps*, 2016 COA 190M, ¶ 19.  Likewise, bare and conclusory allegations are insufficient to entitle a defendant to an evidentiary hearing on his postconviction motion. *Id.* at ¶ 18.

¶ 10    To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient

5

— meaning the representation fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense. *People v. Duran*, 2025 COA 34, ¶ 16; *Strickland*, 466 U.S. at 687; *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying the *Strickland* test to ineffective assistance of counsel claims in cases involving guilty pleas). The failure to adequately allege facts that, if true, would meet either one of these two prongs defeats an ineffective assistance claim. *Duran*, ¶ 16.

## B. Deficient Performance

¶ 11    Valdivia contends the postconviction court erred because the motion, files, and record don't clearly establish "that trial counsel had sufficient familiarity with the case through discovery or investigation" to provide effective assistance in advising Valdivia "to take the plea." As we understand him, this is so because the record demonstrates counsel "never discussed the evidence" with him, instead merely "advising him regarding the penalties associated with the charges he faced when advising Valdivia to accept the plea." We confine our review to these claims and deem abandoned the remaining issues Valdivia raised in his Crim. P. 35 motion,

which he doesn't specifically reassert on appeal. *People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

¶ 12   In its order, the postconviction court rejected Valdivia's claims that plea counsel failed to review discovery, communicate and advise Valdivia of pertinent discovery, or otherwise adequately investigate the case before advising Valdivia to plead guilty. In doing so, the court relied on Valdivia's own Exhibit H (submitted with his supplemental motion) to find that, at the time Valdivia pleaded guilty, (1) plea counsel's investigator had begun an investigation in the case; (2) plea counsel had reviewed discovery or had set it for review; (3) counsel had given Valdivia "a full report and summary of the entire case"; and (4) counsel was surprised by Valdivia's decision to plead guilty. The court also relied on the court file in determining that, with respect to discovery, Valdivia's own actions hampered counsel's ability to further provide him with discovery materials. Specifically, just a month before Valdivia pleaded guilty, the court entered a protection order requiring counsel to recover all discovery provided to Valdivia and only allow him to review discovery with counsel or an investigator, which

counsel was in the process of doing when Valdivia pleaded guilty. It did so because of Valdivia's misuse of discovery materials in prison.

¶ 13 The court's determinations are supported by the court file, Valdivia's appellate assertion that that it was he who "abruptly sought to end the proceedings" via the plea agreement, and Exhibit H. And notwithstanding his argument that the court had no evidence from the motion, file, or record from which to draw its conclusions, Valdivia doesn't assert that the court wasn't entitled to rely on his exhibit. Indeed, he relies on Exhibit H on appeal.

¶ 14 On this record, we can't conclude that counsel "never discussed the evidence" with Valdivia or lacked sufficient familiarity with the case at the time of the plea. Although Exhibit H indicates that some investigation may have been outstanding, counsel represented that he had reviewed "quite a bit" of discovery and had a "Valdivia database," which included information about all the witnesses, the places where things occurred, every agency counsel had dealt with — in short, "a detailed summary of the entire case."

¶ 15    Thus, the postconviction court didn't err by determining that Valdivia failed to demonstrate deficient performance based on alleged investigatory and communication failures.

¶ 16    In any event, as discussed below, we agree with the postconviction court's conclusion that Valdivia failed to demonstrate prejudice.

### C.    Prejudice

¶ 17    To establish prejudice in the context of a guilty plea, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Duran*, ¶ 17 (quoting *Hill*, 474 U.S. at 59). "This is an objective inquiry." *Id.* (quoting *People v. Corson*, 2016 CO 33, ¶ 35). A defendant's assertion that he would have made a different decision about the plea had he been appropriately advised isn't enough; rather, "[s]ome objective evidence" must corroborate his assertion. *Id.* (quoting *People v. Sifuentes*, 2017 COA 48M, ¶ 20). That is, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (quoting *Sifuentes*, ¶ 20).

9

¶ 18    In determining whether a decision to reject the guilty plea would have been rational, a court should consider the strength of the prosecution's case, the attractiveness of the plea deal, and the risks of going to trial. *Id.* at ¶ 18; *see Carmichael v. People*, 206 P.3d 800, 806 (Colo. 2009) (recognizing that the comparative sentencing exposure between standing trial and accepting a plea offer may be important to the decision whether to plead guilty), *overruled on other grounds as recognized in People v. Delgado*, 2019 COA 55, ¶ 1; *Corson*, ¶ 35 (same).

¶ 19    We note that, on appeal, Valdivia doesn't make any assertions related to prejudice until his reply brief, in which he asserts, incorrectly, that "it is inherently prejudicial to advise a defendant regarding a plea offer when plea counsel has failed to complete investigation necessary to fully evaluate the strength of the prosecution's case."[1]

---

[1] In his reply brief, Valdivia points back to cases cited in his opening brief in support of this assertion. But those cases say only that inadequate investigation may constitute deficient performance; they don't stand for the proposition that any such deficient performance necessarily prejudiced the defendant.

¶ 20    As noted, Valdivia acknowledges in his opening brief that it was he who "abruptly sought to end the proceedings" via the plea agreement.  Given this assertion, we question whether he has adequately alleged that he would have gone to trial "but for" his counsel's alleged deficiencies.  *See Hill*, 474 U.S. at 59.

¶ 21    In any event, in Valdivia's postconviction motion, he vacillated between saying that (1) he would have proceeded to trial but for counsel's alleged deficiencies and (2) a competent attorney who conducted additional investigation would have been better positioned to negotiate a more favorable plea.  Indeed, in replying to the prosecution's response to his postconviction motion, he appeared to take the position that plea counsel was simply ill-equipped to seek a better plea disposition due to his alleged deficiencies.  But that doesn't satisfy the prejudice standard.

¶ 22    Valdivia made only conclusory and self-serving allegations that he would not have accepted a plea and didn't allege that objective evidence would corroborate his assertion that he would have made a different decision about the plea but for counsel's alleged deficient performance.  *Duran*, ¶ 20.

¶ 23    True, in support of his claim related to plea counsel's allegedly deficient investigation, he asserted that, had counsel conducted a more thorough investigation, he would have learned that a "a strong defense to the COCCA charges existed" based on a lack of evidence supporting the "enterprise" and "associate in fact" elements.  But even assuming this assertion is true, Valdivia still faced thirty-six counts independent of the COCCA charges.  Of those, he faced — among other things — three class 3 felonies with a presumptive maximum sentence of twelve years each, three class 4 felonies with a presumptive maximum sentence of six years each, and four class 5 felonies with a presumptive maximum sentence of three years each.  *See* § 18-1.3-401(1)(a)(V)(A), (A.1), C.R.S. 2024.  Each of these felonies were based on independent criminal episodes or separate victims; thus, if convicted at trial of these offenses, Valdivia faced a potential sentencing exposure of more than double that which he received under the plea agreement.  *See, e.g., Juhl v. People*, 172 P.3d 896, 899 (Colo. 2007) (recognizing that when a defendant is convicted of multiple offenses, the sentencing court has the discretion to impose consecutive sentences as long as the

offenses arose from different criminal episodes or, if they arose from the same criminal episode, are not supported by identical evidence). Indeed, as the postconviction court noted, and Valdivia doesn't dispute, he acknowledged as much.

¶ 24    And to the extent Valdivia's motion asserted that he had defenses to any of these charges, those assertions consist of nothing more than vague, conclusory, or self-serving statements. *See Carmichael*, 206 P.3d at 807 (a defendant's self-serving claim of prejudice is insufficient without some objective, corroborating evidence); *see also Duran*, ¶ 16 (a conclusory allegation of prejudice is insufficient under *Strickland*). They don't seriously bring into question the strength of the prosecution's case, which the postconviction court found was "very strong." The record included several corroborating victim and witness accounts, along with — in some instances — physical or video evidence. Given the benefits of the plea agreement and the "daunting downside risk" of proceeding to trial, we can't conclude that Valdivia alleged facts that, if true, would demonstrate that, but for plea counsel's allegedly deficient

performance, it would have been rational to reject the plea offer and proceed to trial.  *See Corson*, ¶ 42; *Duran*, ¶¶ 17-20.

¶ 25    Accordingly, we won't disturb the postconviction court's conclusion that Valdivia failed to sufficiently allege *Strickland* prejudice.  *Duran*, ¶ 16.

### III.    Disposition

¶ 26    The order is affirmed.

JUDGE BROWN and JUDGE YUN concur.